The UNITED STATES of America,
Plaintiff-Appellant,

v.

Raymond HALL and Lloyd Dean
Junger, Defendants-Appellees.

No. 87–3711.

United States Court of Appeals,
Eleventh Circuit.

Sept. 14, 1988.

K.M. Moore, U.S. Atty., Stephen P. Preisser, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellant.

R. Glenn Arnold, Arnold & Magie, Milton, Fla., for Junger.

Before FAY, ANDERSON and COX, Circuit Judges.

FAY, Circuit Judge:

On September 17, 1987, the United States District Court for the Northern District of Florida granted defendant Lloyd Dean Junger's motion for a new trial based on newly discovered evidence. Because the evidence was equally relevant to the case of Junger's co-defendant Raymond Hall, the court granted Hall a new trial as well. The United States has appealed the trial court's order. We agree with the United States that the court erred in granting the new trial, and reverse.

### The Timetable of Events

On August 13, 1987, following a full trial, a jury convicted Hall and Junger of various mail fraud violations. On August 21, 1987, Junger filed a motion requesting either a judgment of acquittal or a new trial. In addition, Junger requested an extension of time in which to file a memorandum in support of his motion; the trial court granted the extension, allowing him until August 27 to file the memorandum. The document that Junger filed on that date argued: (1) there was not substantial evidence supporting the verdict; (2) the government did not prove the case as framed in the indictment and in the government's opening statement; and (3) various errors committed during trial were suffi-

ciently egregious to warrant a mistrial. The government responded to this motion on September 10, 1987.

On September 9, 1987, twenty seven days after his conviction, Junger filed another motion. In this new motion, Junger asked for a new trial based on newly discovered evidence. The new evidence was the testimony of James McKinney, a former employee of Junger's.

The trial court considered Junger's motions on September 17, 1987.[1] On this date, the United States filed its response to the second of Junger's motions—the motion asking for a new trial based on newly discovered evidence. Following a hearing on the issue, the trial court orally granted the motion for a new trial; shortly afterwards, the court issued a written opinion in which it set forth its reasoning. As the opinion explains, the trial court treated Junger's September 9 motion as a supplemental motion which related back to his original motion. Thus, the trial court granted Junger's motion for a new trial based on new evidence as though it had been filed on August 21.

### Analysis

Rule 33 of the Federal Rules of Criminal Procedure establishes two ways in which a defendant may file a motion for a new trial. First, the defendant can file a motion asking for a new trial "in the interest of justice" if he or she does so within seven days of the verdict or "within such further time as the court may fix *during the 7-day period.*" Fed.R.Crim.P. 33 (emphasis added). After the seven-day period, however, the defendant can only ask for a new trial based on newly discovered evidence. The defendant has two years in which to ask for a new trial based on newly discovered evidence. *Id.*

In reviewing Rule 33 motions, courts apply different standards depending on whether the motion was filed within seven days or after seven days. "[T]he trial court's power with respect to a motion made within [seven] days is much broader than one made later than [seven] days but

---

1. This was the date that the trial court had set   for the sentencing hearing.

within two years relying on newly discovered evidence." *Brodie v. United States,* 295 F.2d 157, 159 (D.C.Cir.1961);[2] *see United States v. Rachal,* 473 F.2d 1338, 1343 (5th Cir.) (agreeing with the *Brodie* Court that a lighter burden falls on parties filing motions within the seven-day period), *cert. denied,* 412 U.S. 927, 93 S.Ct. 2757, 37 L.Ed.2d 154 (1973).[3] For motions filed within seven days, a court has very broad discretion in deciding whether there has been a miscarriage of justice. *United States v. Simms,* 508 F.Supp. 1188, 1202 (W.D.La.1980).

After the seven days, a much more stringent standard applies. This circuit has repeatedly set forth the five-part test courts must apply when evaluating a motion for a new trial based on newly discovered evidence:

> (1) the evidence must be discovered following the trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to issues before the court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result.

*United States v. Hobson,* 825 F.2d 364, 366 (11th Cir.1987) (per curiam); *see United States v. Bollinger,* 796 F.2d 1394, 1401 (11th Cir.1986), *cert. denied,* — U.S. —, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); *Bentley v. United States,* 701 F.2d 897, 898 (11th Cir.1983) (per curiam). Further, a court must consider such a motion with "great caution." *Bentley,* 701 F.2d at 898

(citing *United States v. Metz,* 652 F.2d 478, 479 (5th Cir.1981)).

■ In the case before us, the trial court specifically found that Junger had failed to exercise due diligence in locating McKinney prior to trial, thus failing to satisfy the second part of the five-part test. As a matter of law, then, the court could not have granted the motion for a new trial based on the "newly discovered evidence" standard. The trial court stated that in granting the new trial, it viewed the September 9 motion as supplemental to the August 21 motion and applied the broader "interest of justice" standard.

■ We assume without deciding that, if a motion for a new trial based on newly discovered evidence *was* filed within the seven-day period, the interest of justice standard would apply.[4] We also assume without deciding that, had the broader standard applied, the trial court would not have abused its discretion by finding that, in the interest of justice, Junger had the right to a new trial. Nonetheless, we reverse the trial court's order. We do this because the court simply had no power to find that the September 9 motion was a supplement to the August 21 motion. The grounds set forth in the original motion were specific and did not relate in any way to newly discovered evidence. And, if it could not relate the motion back to August 21, then it could not apply the interest of justice standard.

■ Rule 33 clearly states that a court may only grant an extension of the seven-

**2.** When *Brodie* was decided, Rule 33 only allowed five days in which to file the motion.

**3.** The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), declared that decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding on this Circuit.

**4.** This is not clear under the law of our circuit. We note that some courts have expressly adopted the interest of justice standard in this situation. *See United States v. Anderson,* 509 F.2d 312, 327 (D.C.Cir.1974), *cert. denied,* 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672 (1975); *United States v. Schartner,* 285 F.Supp. 193, 196 (E.D.Pa.1967). The policies expressed in the opinions supporting such a rule must, however, be weighed against the value of retaining the

due diligence requirement. In *United States v. Jones,* 597 F.2d 485 (5th Cir.1979), *cert. denied,* 444 U.S. 1043, 100 S.Ct. 729, 62 L.Ed.2d 728 (1980), we analogized Rule 33 new evidence cases to jury tampering cases, in which a defendant's knowledge or lack of knowledge of the tampering is relevant. "These cases teach that a defendant cannot learn of juror misconduct during the trial, gamble on a favorable verdict by remaining silent, and then complain in a post-verdict motion that the verdict was prejudicially influenced by that misconduct." *Id.* at 488 n. 3. The policy behind requiring due diligence in Rule 33 motions based on newly discovered evidence, the court concluded, was the same.

day period during those first seven days. *See* Fed.R.Crim.P. 33. Rule 45 of the Federal Rules of Criminal Procedure, which describes a trial court's authority to enlarge the time periods set forth in Rule 33, stresses that "the court may not extend the time for taking any action under [Rule 33] except to the extent and under the conditions stated in [the rule]." Fed.R.Crim.P. 45. Following these clear instructions, our court has ruled that, after the expiration of the seven-day period prescribed in Rule 33, a district court no longer has jurisdiction "to enter an order purporting to enlarge the time within which" a defendant can file such a motion. *United States v. Brown*, 587 F.2d 187, 189–90 (5th Cir.1979).[5] The trial court in this case could not ignore these time limitations.

### Conclusion

The trial court should have applied the five-part test that is traditionally utilized to determine whether a new trial should be granted on the basis of newly discovered evidence. Because Junger failed to exercise due diligence in discovering the new evidence, he did not satisfy all the requirements for receiving a new trial. Therefore, we reverse the trial court's order granting Junger a new trial. In addition, as Hall did not even file a motion for a new trial based on McKinney's testimony, and his new trial was granted pursuant to Junger's motion, we find no basis for allowing him a new trial.

REVERSED.

---

**5.** We note that other circuits have also reached this conclusion. *See Anthony v. United States*, 667 F.2d 870, 875–76 (10th Cir.1981), *cert. denied*, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982); *United States v. Newman*, 456 F.2d 668, 670 (3d Cir.1972).