### UNITED STATES of America, Plaintiff,

### v.

### Peter BLUCHER, et al., Defendant.

### No. 87–8021–CR.

United States District Court, S.D. Florida, N.D.

Jan. 8, 1990.

Karen Atkinson, Asst. U.S. Atty., U.S. Attys. Office, West Palm Beach, Fla., for plaintiff.

Stephen Rosen, Coral Gables, Fla., for defendant.

## MEMORANDUM ORDER

ZLOCH, District Judge.

THIS MATTER comes before the Court upon the Defendant, Peter Blucher's, Motion For New Trial Under Rule 33 (DE 783). This Memorandum Order addresses the issue of whether evidence of threats made against the Defendant which the De-fendant asserts prevented him from testifying at his trial constitutes "newly discovered" evidence under the Federal Rules of Criminal Procedure where the Defendant's attorney learns, for the first time, of these threats after the conclusion of the trial.

## I. FACTS

In May 1989, this Court presided over a multi-defendant trial where Defendant Blucher and six others were charged with cocaine importation and possession, and conspiracy to import and possess cocaine (DE 121). Defendant alleges that during the trial, on or about May 22, 1989, he received a phone call from an unknown Latin male who told the Defendant "[i]f you testify at your trial you and your mother will die." (DE 783, Exhibit A). Several days later Defendant's mother, Sadye Blucher, told the Defendant that she had received an anonymous phone call from a Latin male who threatened: "[i]f your son takes the witness stand and testifies at his trial you will be dead." (DE 783, Exhibit A). Just prior to the completion of the Government's case-in-chief, the Defendant received a second phone call in which an unknown caller "repeat[ed] the same threats." (DE 783, Exhibit A).

At this time the Defendant did not notify either his attorney, Stephen Rosen, or the Court of these threats. Instead, he confided in a friend of the family, Nelan Sweet. Mr. Sweet, a longtime practicing attorney and former municipal court judge (DE 783, Exhibit C) met with the Defendant on June 3, 1989 at Sweet's law office. Defendant and Mr. Sweet have recited different accounts of the meeting. Defendant states in his affidavit that:

"Mr. Sweet took the threats seriously because he knew that some of the defendants in my case were dangerous and that I knew things about them that they would not want revealed. Mr. Sweet suggested that I keep the threats from my attorney, Mr. Rosen. Otherwise, Mr. Sweet said, Mr. Rosen would insist I reveal the threats in my testimony. I agreed and did not tell Mr. Rosen and

chose not to testify to avoid harm" (DE 783, Exhibit A).

Nelan Sweet asserts:

"I advised Peter Blucher to inform his attorney, Mr. Rosen of these threats. I knew that some of the other defendants who were on trial with Peter were dangerous and capable of inflicting harm and that Peter was in mortal fear of them. It was decided that he could not risk his or his mother's life and thereofore (sic) he should not testify" (DE 783, Exhibit C).

Although Mr. Sweet's affidavit is less specific as to how the Defendant came to the decision not to testify (see DE 783, Exhibit C), Sweet's statement "it was decided that . . . he [Defendant] should not testify" indicates that Mr. Sweet played some role in the decisionmaking process (DE 783, Exhibit C).

Defendant did not inform Mr. Rosen or this Court of the threats and the Defendant did not testify at trial. On June 8, 1989, the jury found the Defendant guilty of three of the six counts with which he was charged (DE 685).

On September 22, 1989, over three months after his conviction and just three days prior to his sentencing, the Defendant finally told Mr. Rosen about these threats (DE 783, Exhibit A). Rosen contacted a polygraph examiner and arranged for the Defendant to take a polygraph examination the following day (DE 783, Exhibits A, E). At the sentencing hearing held on September 25, 1989, Mr. Rosen informed the Court that the Defendant had been precluded from testifying at his trial due to threats made upon his life. This Court granted a continuance of the sentencing hearing and on September 29, 1989, the Defendant filed his Motion For New Trial which is the subject of this Memorandum Order.

## II. DISCUSSION

A defendant may file a motion for new trial anytime within two years from the date of the final judgment. Fed.R.Crim.P. 33 (1989). Rule 33 also establishes two distinct requirements governing new trial motions depending upon when within this two year period the motion is filed. *See id;* *United States v. Hall,* 854 F.2d 1269, 1270 (11th Cir.1988). If the defendant moves for a new trial within seven days after the verdict, a new trial may be granted if "required in the interest of justice." Fed.R. Crim.P. 33 (1989); *United States v. DiBernardo,* 880 F.2d 1216, 1223 (11th Cir.1989). The trial court has broad discretion when ruling on a new trial motion filed within this seven day period. *United States v. Hall,* 854 F.2d at 1270–1271. However, once this seven day period has elapsed, the "interest of justice" standard no longer applies, and the defendant must demonstrate the existence of "newly discovered evidence" in order to obtain a new trial. *Id.;* Fed.R.Crim.P. 33 (1989); *United States v. DiBernardo,* 880 F.2d at 1223.

Here, the Defendant filed his Motion For New Trial (DE 783) on September 29, 1989. The jury verdict was handed down on June 8, 1989 (DE 685). Thus, the "newly discovered evidence" standard governs this inquiry.

To demonstrate that evidence is "newly discovered" for purposes of a new trial inquiry, a defendant must prove that the evidence possesses five characteristics: (1) it was discovered following the trial, (2) the failure to discover this evidence earlier was not due to Defendant's lack of due diligence, (3) it is more than merely cumulative or impeaching evidence, (4) it is material, and (5) it is probable that, had this evidence been presented at trial, it would have produced a different result. *Bentley v. United States,* 701 F.2d 897, 898 (11th Cir.1983); *United States v. DiBernardo,* 880 F.2d at 1224.

In this case, the Defendant has not specified exactly what this "newly discovered evidence" consists of—it could be any or all of three things: the Defendant's proposed testimony, the evidence of the threats themselves, or the results of the September 23, 1989 polygraph examination. For purposes of this new trial motion, the Court will consider the Defendant's proposed testimony as including evidence of these threats. However, the Court refuses to consider the polygraph evidence in its new

trial inquiry because to do so would result in taking the untenable position that a Defendant could raise the issue of newly discovered evidence simply by taking a polygraph test after the conclusion of trial. The Court will not consider this clearly preposterous suggestion.-

The Defendant's proposed testimony is described in his attached affidavit. (See DE 783, Exhibit D). Defendant alleges that he had neither the intent to possess cocaine nor the knowledge that the other defendants possessed cocaine when they came onto his property. Defendant also indicated that, had he testified, he would have revealed incriminating conversations which he had overheard between other co-defendants (DE 783, Exhibit D).

■ After carefully examining the Defendant's proposed testimony, including the evidence of the threats, the Court finds that this evidence does not satisfy the five requirements under the newly discovered evidence inquiry. Although the Defendant's proposed testimony might be considered material evidence which is more than merely "cumulative or impeaching," it is not probable that such proposed testimony would have produced a different result at trial. If anything, the Defendant's statement that he would have revealed overhearing incriminating conversations between other co-defendants tends to support the Defendant's *knowledge* of events rather than his lack thereof. In this respect it would appear that the Defendant's proffered testimony could reasonably have supplied the jury with additional evidence to support their finding of guilt, not innocence. In any event, it does not appear that the Defendant's general denial of the charges herein would likely have produced a different result at trial in light of the evidence produced at trial, and in light of the Defendant's proposed testimony that he had personal knowledge of incriminating conversations between co-defendants.

In addition, the Court finds that the Defendant failed to exercise due diligence by refusing to advise his lawyer, Mr. Rosen, of the threats made during the trial.

Finally, in order to qualify as "newly discovered" for purposes of Rule 33, evidence must be discovered subsequent to the trial proceeding. *United States v. DiBernardo*, 880 F.2d at 1224. Evidence which has become available for testimonial purposes following the trial, but which was known to the Defendant during the trial is considered "newly available" evidence. *Id.* at 1225. This Circuit has held that newly available evidence is *not* synonymous with newly discovered evidence. *Id.; United States v. Metz*, 652 F.2d 478, 480 (5th Cir. 1981). The Defendant must have been aware of his own proposed testimony prior to trial and he clearly specifies in his affidavit that the threats upon his life occurred *during* the trial (See DE 783, Exhibit A). For these reasons, this Court is compelled to hold that the first requirement of the new trial inquiry, that the evidence be discovered subsequent to trial, has not been satisfied in this case. *Cf. United States v. Williams*, 816 F.2d 1527, 1530 (11th Cir. 1987) ("alibi" evidence is not "newly discovered" because it consists of facts "peculiarly within the knowledge of a defendant himself" which must be known to the defendant at the time of trial) (quoting *Bentley v. United States*, 701 F.2d 897, 899 (11th Cir.1983)); *United States v. Metz*, 652 F.2d 478 (5th Cir.1981) (testimony of a co-defendant who was unwilling to testify until after the completion of trial was not considered "newly discovered evidence" for new trial purposes); *United States v. DiBernardo*, 880 F.2d at 1224 (defendant's knowledge of co-defendant's proposed testimony during trial precluded a finding that the evidence was "newly discovered").

■ Counsel in the instant case urges this Court to find that the threats upon the Defendant's life are "newly discovered" evidence because *counsel* first learned of them subsequent to the trial. This Court refuses to make that finding for several reasons.

First, neither Rule 33 nor the cases interpreting the Rule define "newly discovered evidence" in terms of what *counsel* knew at the time of trial. Rather the new trial inquiry is discussed in terms of the *defen-*

432

*dant's* prior knowledge of the newly discovered evidence. *United States v. DiBernardo,* 880 F.2d 1216, 1224 (11th Cir.1989) (evidence was not "newly discovered" because *defendants* were aware of it prior to trial); *United States v. Williams,* 816 F.2d 1527 (same); *United States v. Metz,* 652 F.2d 478, 480 (5th Cir.1981) (same). *See also United States v. Hall,* 854 F.2d at 1271 n. 4, (Rule 33 cases have been analogized to jury tampering cases, where "a *defendant* cannot learn of juror misconduct during the trial, gamble on a favorable verdict by remaining silent, and then complain in a post-verdict motion that the verdict was prejudicially influenced by that misconduct") (emphasis supplied) (quoting *United States v. Jones,* 597 F.2d 485 (5th Cir.1979), *cert. denied,* 444 U.S. 1043, 100 S.Ct. 729, 62 L.Ed.2d 728 (1980)). Defining newly discovered evidence solely in terms of only what counsel knew misinterprets an element of the new trial inquiry.

Second, granting a new trial due to the lack of counsel's knowledge regardless of what the defendant knew would create an additional basis for granting a new trial, namely that counsel was not fully apprised of all the facts pertinent to the defense.

When a new trial motion is filed later than seven days from the date of the verdict, both Rule 33 and decisions of this Circuit have specifically limited the grounds for bringing a new trial motion to "newly discovered evidence." *See* Fed.R. Crim.P. 33; *United States v. DiBernardo,* 880 F.2d 1216 (11th Cir.1989); *United States v. Williams,* 816 F.2d 1527 (11th Cir.1987). This Court refuses to circumvent this clear limitation by granting a new trial on any other basis. This Court is bound by the plain language of Rule 33 and it is the duty of this Court to interpret same. Congress is presumed to have stated what it intended in Rule 33 and it is not the role of this Court to go beyond the express language of Rule 33 in order to carve out additional exceptions. The act of legislating is solely reserved to the Congress. Furthermore, since the Defendant has not yet been sentenced, the Defendant's Motion aforementioned cannot be considered as a petition filed pursuant to 18 U.S.C. Section 2255.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED that Defendant's Motion For New Trial Under Rule 33 (DE 783) be and the same is hereby DENIED.