**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Jerry A. CULLIVER, Defendant–Appellee.**

**No. 93–2277.**

United States Court of Appeals, Eleventh Circuit.

March 25, 1994.

Stephen A. Preisser, Asst. U.S. Atty., Pensacola, FL, for plaintiff-appellant.

Roderick D. Vereen, Asst. Federal Public Defender, Pensacola, FL, for defendant-appellee.

Before KRAVITCH and CARNES, Circuit Judges, and HAND *, Senior District Judge.

KRAVITCH, Circuit Judge:

Appellee, Jerry Culliver, was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 15 years of incarceration. Culliver's conviction was affirmed on direct appeal to this court, and the district court subsequently denied his petition to vacate or set aside his conviction. Culliver then filed a motion for a new trial based upon newly discovered evidence in the form of an apparent recantation by a witness. The district court granted the motion without an evidentiary hearing. The government moved for a rehearing. The court denied the government's request but ordered a limited evidentiary hearing on the witness's testimony. The government appeals, arguing that the district court abused its discretion in granting the motion for a new trial and in denying the government's request for a rehearing.

I.

Culliver and Willie Thomas met in prison, became lovers and upon their release from prison lived together. Culliver testified at

* Honorable William B. Hand, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

trial that they had a tumultuous relationship characterized by arguments and violence, and that upon his decision to end their cohabitation Thomas threatened Culliver. Culliver also stated that on numerous occasions he and Thomas had attempted to have each other arrested, but in each case had requested that the charges be dropped. Shortly after moving out of Thomas's residence, Culliver and a companion, Ernest Nettles, returned to reclaim Culliver's weight bench. According to Culliver, Thomas became upset, brandished a gun and pointed it at Culliver. Culliver contended that after a brief struggle, he wrestled the gun away from Thomas, retrieved an ammunition clip from Thomas's vehicle and left in his own car. A police officer, Larry Scapecchi, testified that Thomas flagged him down and reported that Culliver had threatened to kill him with a gun. During this exchange, Culliver drove by Thomas and Officer Scapecchi, and Thomas identified Culliver as the man who had threatened him. After pursuing and stopping Culliver, Officer Scapecchi inquired whether Culliver had a gun. Culliver responded in the negative. Scapecchi, however, noticed a semi-automatic pistol, subsequently found to be loaded, on the floor of Culliver's car. A bag containing a spare clip was also found on the front seat of the car.

Thomas did not testify at the first trial, which ended in a mistrial. He did testify at the second trial, and offered conflicting testimony with respect to whether either Culliver or he had ever possessed the pistol. Thomas denied ever having owned the gun, but also stated that he did not know to whom the gun belonged. Thomas conceded that he had requested that the prosecutor drop the charges against Culliver. Thomas also acknowledged that he was a convicted felon. Following Culliver's conviction, Thomas apparently recanted some of his trial testimony and asserted that he had falsely accused Culliver. Culliver submitted an affidavit by Thomas in support of the motion for a new trial, in which Thomas claimed that the police made him bring the initial accusation, and that he had done so "to avoid losing all the things I worked so hard for." [1] Thomas further indicated that he had placed the gun in his house because he was fearful of Culliver, thereby corroborating Culliver's contention that the gun belonged to Thomas.

## II.

Subsequent to its decision to grant Culliver's motion for a new trial, the district court ordered that an evidentiary hearing be held for the limited purpose of ascertaining whether Thomas intended to claim a Fifth Amendment privilege when called upon to testify at Culliver's new trial, and if he intended to testify, whether his testimony would be consistent with his statement offered in the filed affidavit. The government maintains not only that the trial court abused its discretion in denying the government's motion for an evidentiary hearing with respect to the motion for a new trial, but that the court's decision to hold a limited evidentiary hearing notwithstanding its final order to proceed with a new trial was perplexing at best.

In *United States v. Gates*, 10 F.3d 765 (11th Cir.1993), the defendant moved for a new trial based in part on an affidavit by a convicted co-defendant presenting post-trial statements that tended to exculpate the defendant. In reviewing the district court's denial of the motion for a new trial without benefit of an evidentiary hearing, this court held that while such post-trial statements must be viewed with care, the motion "could not be denied without a hearing to explore further and determine whether it has any merit." 10 F.3d at 768. In the instant action, the government sought an evidentiary hearing in order to explore both the validity of the affidavit and the motivation of the witness offering it. The requested hearing would have afforded the court a necessary opportunity to further examine defendant's claim that the affidavit offered newly discovered evidence, and to more fully evaluate whether the criteria applicable to a motion for a new trial based on newly discovered evidence had been satisfied.[2] Although we

---

1. R1–Exhibit 68.

2. Five criteria apply to a motion for a new trial based on newly discovered evidence:

do not at this time suggest that the motion for a new trial should be denied or granted, we do hold, in harmony with our holding in *Gates, supra,* that the district court in this case should have conducted an evidentiary hearing to more thoroughly ascertain the degree of merit in Culliver's motion for a new trial.

Because we remand this action for a hearing on Culliver's motion, we need not address the government's contention that the district court abused its discretion either in granting Culliver's motion for a new trial or in subsequently ordering a limited evidentiary hearing. The government also asks that we order that the case be assigned to a different judge. Although our holding today confirms that the district court must conduct a hearing to determine whether to grant a motion for a new trial based on newly discovered evidence, we decline to conclude that the district court acted in a biased or partisan fashion.

For the foregoing reasons, the order granting a motion for a new trial is VACATED, and the case is REMANDED for an evidentiary hearing on the motion.

---

(1) the evidence must be discovered following trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to the issues before the court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result.
*United States v. Gates,* 10 F.3d 765, 767 (11th Cir.1993) citing *United States v. Hall,* 854 F.2d 1269, 1271 (11th Cir.1988).