[SHB]                                                    [PUBLISH]
[594]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-6453
_____

D. C. Docket No. CR-95-84-N

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ALLAN RICKEY BRAMLETT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

Before BLACK, Circuit Judge, and FAY and ALARCON[*],
    Senior Circuit Judges.

BLACK:

_____

[*] Honorable Arthur L. Alarcon, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Appellant United States challenges the district court order granting Appellee Allan Rickey Bramlett's "renewed" motion for a new trial following his federal arson conviction. The district court denied Bramlett's initial motion for a new trial, but our decision in United States v. Denalli, 73 F.3d 328 (11th Cir.), amended on reh'g in part, 90 F.3d 944 (11th Cir. 1996), evidently persuaded the court that its jury instructions had understated the requisite nexus with interstate commerce under 18 U.S.C. § 844(i), the federal arson statute. The United States contends that the district court abused its discretion by granting Bramlett's renewed motion for a new trial because it premised its decision upon a misapprehension of the interstate commerce nexus required in the business property context. We decline to address these underlying substantive issues because we conclude the district court lacked jurisdiction to grant the renewed motion for a new trial.

## I. BACKGROUND

In January of 1993, Appellee Bramlett worked for Vinyl Wholesalers, Inc. ("Vinyl Wholesalers"), a corporation that sold vinyl siding for installation on homes and other buildings. On January 13, 1993, Vinyl Wholesalers employee Bill Hendrix arrived for work at the Montgomery showroom shortly after 7 a.m. As he drove into the parking lot, Hendrix observed Appellee Bramlett's truck already parked near the showroom, nearly one hour earlier than Bramlett ordinarily arrived. When Hendrix left his vehicle, he observed Appellee Bramlett emerging from the showroom. Hendrix attempted to enter the showroom, but

2

Bramlett intercepted him and initiated a conversation regarding a problem with the parking lot fence. Appellee Bramlett then escorted Hendrix to the parking lot to discuss the problem further. Shortly thereafter, Appellee Bramlett indicated that he saw smoke emanating from the showroom building and directed Hendrix's attention to a small fire burning within the showroom building. Hendrix started to run toward the backdoor of the showroom, but Appellee Bramlett stopped him, explaining that he had smelled kerosene while inside. Hendrix then drove to a nearby service station to summon the fire department.

The Montgomery Fire Department arrived within minutes and managed to subdue the blaze. Appellee Bramlett explained to one of the firefighters that he had been in the building prior to the fire, but exited after smelling smoke and kerosene. Investigators for the Fire Department discovered that the fire had been confined to a single office in the center of the building. After the showroom had closed on the previous day, it appeared that someone had moved boxes full of records into that office. The investigators determined that the records and the remainder of the room had then been doused in kerosene and ignited using an open flame, such as a match or a cigarette lighter.

On April 11, 1995, a federal grand jury indicted Appellee Bramlett for starting the fire that damaged the Vinyl Wholesalers showroom. Specifically, the indictment charged that Bramlett had "maliciously damag[ed] and attempt[ed] to damage and destroy, by means of fire and explosive materials, [a building] used in an activity affecting interstate commerce, in violation of Title 18, United States

3

Code, Section 844(i)." On January 18, 1996, the United States District Court for the Middle District of Alabama commenced a jury trial on the arson charge. On January 23, 1996, the jury returned a guilty verdict.

On January 26, 1996, Appellee Bramlett filed a motion for a new trial. The district court denied the motion by stamped order issued on January 31, 1996. On March 25, 1996, Bramlett petitioned the district court for reconsideration of his motion for a new trial. The United States filed a memorandum in response on April 4, 1996. By order dated April 23, 1996, the district court granted Appellee Bramlett's renewed motion for a new trial. After reviewing this Court's decision in United States v. Denalli, 73 F.3d 328 (11th Cir. 1996), the district court became convinced that its jury instructions had understated the quantum of proof necessary to establish the interstate commerce element of the crime defined by 18 U.S.C. § 844(i). The district court interpreted the Denalli decision to require a substantial effect on interstate commerce. As the court had instructed the jury that a "minimal effect on interstate commerce" sufficed when considering business-related property, the district court decided that it would grant the renewed new trial motion in the interest of justice. The United States filed a timely notice of appeal on May 8, 1996.

## II.  DISCUSSION

Although the parties did not raise the issue, we initially must consider whether the district court had jurisdiction to grant Appellee Bramlett's "renewed"

motion for a new trial. Rule 33 of the Federal Rules of Criminal Procedure provides:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

The time limits imposed by Rule 33 are jurisdictional. See, e.g., United States v. DiBernardo, 880 F.2d 1216, 1223 (11th Cir. 1989); United States v. Hall, 854 F.2d 1269, 1272 (11th Cir. 1988); United States v. Brown, 587 F.2d 187, 189 (5th Cir. 1979). District courts therefore lack jurisdiction to grant a new trial using the "interest of justice" standard unless the motion is filed within seven days after return of the guilty verdict or within any extension granted by the trial judge within the seven-day period. DiBernardo, 880 F.2d at 1223; accord United States v. Coleman, 811 F.2d 804, 806-07 (3d Cir. 1987); United States v. Dukes, 727 F.2d 34, 38 (2d Cir. 1984); United States v. Hazeem, 679 F.2d 770, 774 (9th Cir.), cert. denied, 459 U.S. 848, 103 S. Ct. 106 (1982); United States v. Fontanez, 628 F.2d 687, 691 (1st Cir. 1980), cert. denied, 450 U.S. 935, 101 S. Ct. 1401 (1981).

In the present case, the district court purported to grant the motion for new trial pursuant to the interest of justice standard. The district court had jurisdiction to grant such a motion only within seven days of the January 23, 1996, guilty verdict or within any extension of time that the district court granted prior to expiration of that seven-day period. Consequently, the district court

unquestionably possessed jurisdiction to grant Appellee Bramlett's first motion for a new trial, filed on January 26, 1996. As previously indicated, however, the district court decided to deny Bramlett's first motion for a new trial in a stamped order issued on January 31, 1996.

The question thus becomes whether the district court had the power to construe Appellee Bramlett's March 25, 1996 filing as a "renewed" motion for a new trial that somehow related back to his timely filing.[1] The Federal Rules of Criminal Procedure and case law interpreting those rules establish that district courts do not possess any such power. Rule 33 clearly states that a court may grant an extension of the seven-day period only within those first seven days. Fed. R. Crim. P. 33; Hall, 854 F.2d at 1271-72. Moreover, Rule 45 emphasizes that "the court may not extend the time for taking any action under [Rule 33] except to the extent and under the conditions stated [therein]." Fed. R. Crim. P. 45(b). Consistent with the unmistakable mandate of these rules, we have held that "after the expiration of the seven-day period prescribed in Rule 33, a district court no longer has jurisdiction 'to enter an order purporting to enlarge the time within which' a defendant can file such a motion." Hall, 854 F.2d at 1272 (quoting Brown, 587 F.2d at 189). Inasmuch as the district court in the present case construed Bramlett's memorandum as a renewal of the first, timely motion for a new trial, it impermissibly granted an extension outside the seven-day period

---

[1] The document filed by Appellee Bramlett actually was entitled "Memorandum Brief in Support of Motion for New Trial Dealing with 'Interstate Commerce.'" The district court elected to construe the memorandum as a renewed motion for a new trial.

6

prescribed by Rule 33. A district court may not disregard the jurisdictional limitations imposed by the Federal Rules of Criminal Procedure in this manner. See, e.g., Hall, 854 F.2d at 1271 (holding that the district court simply had no power to regard an untimely motion for a new trial as a supplement to a timely motion).

## III. CONCLUSION

In accordance with the foregoing, we vacate the district court's order granting Appellee Bramlett's motion for a new trial and remand for reinstatement of the jury verdict.

VACATED and REMANDED.