UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 02-4127

MICHAEL ALLEN JONES,
        *Defendant-Appellant.*

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 02-4190

WILL ROGER JONES,
        *Defendant-Appellant.*

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CR-00-446)

Submitted: August 22, 2002

Decided: September 6, 2002

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Lionel S. Lofton, LOFTON & LOFTON, P.C., Charleston, South Carolina; G. Wells Dickson, Jr., LAW OFFICES OF G. WELLS DICKSON, JR., Charleston, South Carolina, for Appellants. J. Strom Thurmond, Jr., United States Attorney, Scott N. Schools, First Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael Allen Jones and Will Roger Jones appeal their convictions and 480-month custodial sentences following a jury trial on charges of participating in a conspiracy to commit armed bank robbery, *see* 18 U.S.C. §§ 371, 2113(a), (d) (2000), and related firearms offenses, *see* 18 U.S.C. §§ 922(g)(1), 922(k), 924(c); 26 U.S.C. §§ 5841, 5861(d), 5871 (2000). In their consolidated brief, they each contest the district court's denial of their motions for new trial pursuant to Fed. R. Crim. P. 33. Additionally, in No. 02-4127, Michael Jones challenges his in-court identification by a bank teller, and in No. 02-4190, Will Jones raises two issues with respect to the calculation of his sentence. For the following reasons, we affirm.

First, we find no error in the district court's denial of the Joneses' motions for new trial. With respect to Michael Jones, the district court properly determined his Rule 33 motion was untimely. *See United States v. Emuegbunam*, 268 F.3d 377, 397 (6th Cir. 2001). The district court also properly declined to consider Will Jones' untimely supplement to his timely Rule 33 motion, as that supplement raised distinct issues from the issues raised in Will Jones' original motion, and thus cannot relate back to the original motion for timeliness purposes. *See United States v. Bramlett*, 116 F.3d 1403, 1405-06 (11th Cir. 1997).

Next, we find no error with respect to Michael Jones' claim in No. 02-4127 that the district court improperly admitted a bank teller's testimony identifying him as a perpetrator of the bank robbery, as it was based on her prior identification of his picture in an allegedly suggestive lineup. In so doing, we note Michael Jones failed to reproduce the lineup on appeal, and that our review of the pretrial hearing on this issue reveals no reason to question the reliability of the teller's identification. *See United States v. Wilkerson*, 84 F.3d 692, 695 (4th Cir. 1996).

Finally, we find no error with respect to Will Jones' claim in No. 02-4190 that the district court erred in calculating his sentence. The district court properly concluded Will Jones' two prior state convictions counted as separate convictions under *United States Sentencing Guidelines Manual* § 4B1.1(3) (2000), despite the fact that they were consolidated for sentencing, as they were separated by an intervening arrest. *See United States v. Huggins*, 191 F.3d 532, 539 (4th Cir. 1999). Nor was Jones improperly denied a downward offense level adjustment for his acceptance of responsibility, *see* USSG § 3E1.1, because rather than asserting and preserving issues unrelated to his factual guilt, i.e. constitutional challenges to a statutory provision or challenges to the application of the statute to acknowledged conduct, he contested only his factual guilt both at trial and in his Rule 33 motion. *See United States v. Dickerson*, 114 F.3d 464, 469-70 (4th Cir. 1997).

Accordingly, we affirm the Joneses' convictions and sentences, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*