**UNITED STATES of America,**

v.

**Timothy MATTHEWS, Defendant.**

**No. 00 CR. 91(RWS).**

United States District Court,
S.D. New York.

April 8, 2003.

---

John R. Wing, Weil Gotshal and Manges, Philip L. Weinstein, Fed. defenders Service Unit Legal Soc., New York City, for defendant.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendant Timothy Matthews ("Matthews") has moved for reconsideration of the Court's denial of his previous motion for a new trial. The Court denied the motion on the ground that the government's failure to disclose an audiotape of Matthews' statements, while prejudicial, did not violate the government's Rule 16 obligations.

This motion is denied for lack of jurisdiction, as explained below.

### Prior Proceedings

On May 9, 2002, Matthews was found guilty as charged on one count of conspiracy to commit securities, mail and wire fraud, and five counts of securities fraud following a jury trial before this Court.

This motion was fully submitted on February 7, 2003.

### Discussion

■ The Court is without jurisdiction to consider Matthews' motion for reconsideration because it is untimely.

Federal Rule of Criminal Procedure 33 provides that any motion for new trial must be filed within the time limits originally set by the Court within seven days after the verdict. It states:

> Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilt, or within such further time as the court sets during the 7–day period.

*See also United States v. Moreno,* 181 F.3d 206, 212 (2d Cir.1999); *United States v. Bramlett,* 116 F.3d 1403, 1405 (11th Cir.1997) ("District courts ... lack jurisdiction to grant a new trial using the 'interest of justice' standard unless the motion is filed within seven days after return of the guilty verdict or within any extension granted by the trial judge within the seven-day period.")

■ According to Federal Rule of Criminal Procedure 45(b), the Court, moreover, "may not extend the time to take any

action" under Rule 33. Thus, the time limits imposed by Rule 33 are "jurisdictional," and the Court does have the authority to modify them. *Bramlett,* 116 F.3d at 1405. In *United States v. Bramlett,* the court addressed the question of whether a district court has the power "to construe" defendant's filing of a motion for reconsideration "as a 'renewed' motion for a new trial that somehow related back to his timely filing." *Id.* The court responded in the negative, holding that "[t]he federal Rules of Criminal Procedure and case law interpreting those rules establish that district courts do not possess any such power." *Id.* at 406.

Furthermore, under Federal Rule of Appellate Procedure 4(b), a petition for reconsideration of a new trial denial "must be filed within 10 days after the denial of the Rule 33 motion." *United States v. Stull,* Nos. 87–3874 to 87–3876 and 87–3889, 1988 WL 41148, at *1 (6th Cir. May 3, 1988) (citing Fed. R.App. P. 4(b)); *see also United States v. Ramirez,* 954 F.2d 1035, 1038 (5th Cir.1992) (Defendant's "motion to reconsider was untimely filed, coming as it did, more than ten days after the court had denied [Defendant's] new trial motion."); *Savage v. United States,* Nos. 01–2485, 01–1626, 2001 WL 1587326, at *1 (6th Cir. Dec.11, 2001) ("[T]he district court lacked jurisdiction over the motion to reconsider, as it was not timely filed within the ten days that were allowed for filing an appeal from its Rule 33 order.")

Thus, Matthews' January 20, 2003 motion for reconsideration is untimely and must be denied.

It is so ordered.