# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2020-NMCA-024**

**Filing Date: November 25, 2019**

**No. A-1-CA-36295**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**YSIDRO ROBERT GARCIA,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Certiorari Denied, April 10, 2020, No. S-1-SC-38136. Released for Publication June 20, 2020.

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Santa Fe, NM

for Appellee

## OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals from the district court's order granting Defendant Ysidro Garcia's motion to reconsider a prior district court judge's denial of Defendant's motions for mistrial. The State contends the district court erred in ordering a new trial because (1) Defendant did not file his motion to reconsider within the post-verdict time limit set forth by Rule 5-614(C) NMRA; (2) the district court misapprehended what occurred at

trial; and (3) the State's witness referred to Defendant's invocation of his Fifth Amendment right to counsel on only one occasion, immediately after which the district court gave a curative instruction. Concluding Defendant's motion to reconsider was untimely, we reverse and remand for sentencing.

## I.    BACKGROUND

**{2}**    Defendant was arrested on charges[1] of receiving or transferring a stolen vehicle, in violation of NMSA 1978, Section 30-16D-4 (2009), and went to trial before a jury in September 2016. Before separately discussing the relevant post-trial proceedings, we first briefly review the portion of the trial proceedings on which Defendant's motions were premised.

### A.    Trial

**{3}**    At trial, the State elicited testimony from Albuquerque Police Department Detective Joel Block about his interactions with Defendant at the police station following his arrest. When asked by the prosecutor what Defendant told him in the interview room at the police station, Detective Block said, "I did read him the advice of rights. He said he did understand. He did sign the form and he wished to speak to his attorney." Defense counsel promptly objected, asked to approach the bench, and moved for a mistrial. Then, presiding Judge David N. Williams asked the prosecutor, "Why did you elicit that?" The prosecutor responded, "Just to see if there w[ere] any admissions from [D]efendant." Defense counsel argued that "there's been a comment on the fact that [Defendant] invoked his [Fif]th Amendment . . . right to be silent[,]" and made the first motion for a mistrial. Judge Williams denied Defendant's motion and stated that, in order to cure any prejudice arising from Detective Block's testimony, the court would instruct the jury that it was not to infer Defendant's guilt from his stated wish to speak with an attorney. Judge Williams then asked the prosecutor whether he knew Detective Block "was going to say [Defendant] asked for an attorney[,]" which the prosecutor denied. Judge Williams found there to be no "deliberate misconduct" by the State, and then provided the following curative instruction:

> Ladies and gentlemen, in this country, somebody that[ has been] arrested has an absolute right not to say anything to the police officers and has an absolute right to ask for an attorney if he or she wants one. You are not permitted, may not draw any inference at all about the testimony you heard that [Defendant] asked for an attorney.

**{4}**    After giving the instruction, Judge Williams asked if each juror understood the instruction and whether the jury could assure the court that it would refrain from using that statement "in any way" when evaluating the evidence. The jurors responded

---

1Defendant was also charged with possession of burglary tools under NMSA 1978, Section 30-16-5 (1963), driving while license is suspended or revoked under NMSA 1978, Section 66-5-39 (2013, amended 2019), and possession of drug paraphernalia under NMSA 1978, Section 30-31-25 (1980), but these charges were dismissed on directed verdict.

affirmatively, and during the remainder of the trial, neither party referred to Detective Block's testimony that Defendant asked for a lawyer while he was in custody.

**{5}** After the jury returned a guilty verdict and the district court dismissed the jurors, Defendant renewed his earlier motion for a mistrial. The district court denied the renewed motion.

## B.      Post-Trial Proceedings

**{6}** On January 11, 2017, the district court entered a notice setting Defendant's sentencing hearing. The following day, the case was reassigned from Judge Williams to Judge Cindy Leos. On January 23, 2017, more than four months after the trial ended, Defendant filed an opposed motion to reconsider the district court's previous denials of Defendant's initial and renewed motions for a mistrial, contending again that the State's elicitation of Detective Block's testimony constituted "an impermissible comment on Defendant's silence." The State opposed the motion. At the outset of a hearing on Defendant's motion in March 2017 Judge Leos stated that, based on her review of the trial transcript, the question before the court was whether a new trial was necessary due to Detective Block's testimony regarding Defendant's wish to speak with an attorney. Judge Leos opined that the trial "was fundamentally flawed," and that "[Defendant's] constitutional right to remain silent and for the jury to not necessarily have any knowledge of that . . . was impacted[,]" and concluded that a new trial was required.

**{7}** During argument on Defendant's motion, the State contended that (1) the district court's curative instruction was sufficient to prevent any prejudice to Defendant, and (2) Defendant's motion to reconsider was untimely, arguing that the timing of Defendant's motion suggested "improper forum shopping or [an] attempt to circumvent the decision of Judge Williams[,]" and that the proper course of action would be for Defendant to file an appeal with this Court. In response, Defendant argued that because judgment had not yet been entered in the case, the district court could reconsider any previous rulings in the case. Defendant also reiterated his underlying contention that, based on Detective Block's testimony regarding Defendant's request for an attorney, the "jury was tainted and any decision [reached thereafter] is questionable."

**{8}** Following argument, Judge Leos repeated her conclusion that the trial was "fundamentally flawed," adding that, in her view, the curative instruction "made things worse for [Defendant], not better." Finding that "the trial was flawed, [and that Defendant's] right to a fair trial was impacted by [Detective Block's] testimony[,]" Judge Leos granted Defendant's motion to reconsider and ordered a new trial. The State now appeals.

## II.      DISCUSSION

**{9}** The State argues the district court erred in ordering a new trial for three reasons: (1) the time limits under Rule 5-614(C) precluded a new trial in Defendant's case; (2) Judge Leos misapprehended what took place at the trial presided over by Judge

Williams; and (3) the misapprehensions led Judge Leos to erroneously find prejudicial error had occurred at trial. After review of the record, we conclude that Defendant's motion to reconsider was untimely, and we therefore need not address the State's additional arguments.

**The District Court Erred in Granting a New Trial Because Defendant's Motion Was Untimely**

**{10}** This case requires us to (1) examine whether Rule 5-614 applies to a motion that seeks a new trial but is styled as a motion to reconsider; and (2) if so, whether Defendant's motion was time-barred Rule 5-614(C).

**{11}** "We review de novo questions of law concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts." *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824. We begin by observing while a motion for reconsideration would not typically be controlled by Rule 5-614, our appellate courts have held that when a motion's substance and effect is that of a different motion than that which was filed, we treat the motion substantively and procedurally based on the relief it seeks, an analysis that includes requirements for timeliness. In *State v. Baca*, our Supreme Court rejected an attempt to characterize the defendant's "motion for a premature termination of the trial for procedural reasons" as a request for an acquittal, concluding that "substance rather than labels" controls and that to conclude otherwise would mean a party "could simply misuse merits terminology to mask the true nature" of the relief sought. 2015-NMSC-021, ¶ 42, 352 P.3d 1151. Similarly, in *Chapel v. Nevitt*, this Court relied on "the language of the order and the relief that it sought" to determine whether an inaptly titled "motion to modify" should be considered under Rule 1-059(E) NMRA (governing motions to alter, amend, or reconsider final judgment) or as a motion to reconsider filed under to NMSA 1978, Section 39-1-1 (1917). 2009-NMCA-017, ¶ 18, 145 N.M. 674, 203 P.3d 889. Given our similar past resolution of misnamed motions seeking relief of a nature identified within and governed by a particular rule, we can conclude that when a motion's substance and effect is that of a motion for a new trial and a new trial is unambiguously the relief sought, Rule 5-614, along with the timeliness requirements set forth in Subsection (C) thereof, apply regardless of the motion's title.

**{12}** We now apply Rule 5-614 to Defendant's motion. Rule 5-614(C) requires that "[a] motion for a new trial based on [any grounds other than newly discovered evidence] shall be made within ten (10) days after verdict or finding of guilty or within such further time as the court may fix during the ten (10) day period." Where, as here, "our state court rules closely track the language of their federal counterparts, we have determined that federal construction of the federal rules is persuasive authority for the construction of New Mexico rules." *Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 9, 142 N.M. 527, 168 P.3d 99. Rule 5-614 was based on Rule 33 of the Federal Rule of Criminal Procedure and closely tracks the language of its federal counterpart. *See State v. Lucero*, 2001-NMSC-024, ¶ 8, 130 N.M. 676, 30 P.3d 365 ("In promulgating Rule 5-614, we derived the time requirement in [S]ubsection [(C)] of the

rule from Rule 33 of the Federal Rules of Criminal Procedure."). "The time requirement for the filing of a motion for new trial in Rule 5-614(C) is nearly identical to the requirement in Rule 33 except that, compared to our ten-day filing requirement, the federal rule provides only seven days to file the motion after verdict or finding of guilty. " *Lucero*, 2001-NMSC-024, ¶ 8 (internal quotation marks omitted). Turning then to federal precedent, we agree with the Tenth Circuit's holding that a defendant's motion for reconsideration, filed twenty-one months after denial, was not timely because under Federal Rule of Criminal Procedure 33, "a motion to reconsider the denial of a . . . new trial . . . is timely if filed within ten days of the entry of judgment" or order. *United States v. Miller*, 869 F.2d 1418, 1420-21 (10th Cir. 1989).

**{13}** In this case, after Judge Williams' post-verdict denial of Defendant's renewed motion for mistrial, Defendant filed his motion for reconsideration more than four months after the jury trial and, notably, only eleven days after the district court filed a notice reassigning the case to Judge Leos. Defendant's motion for reconsideration argued in part that the district court has inherent power to reconsider the denial of Defendant's initial and renewed motions for mistrial as a modification of an interlocutory order prior to final judgment. But the goal of the motion was crystal clear: it claimed "that the only remedy under the circumstances is a mistrial[,]" a ruling from which a new trial inherently flows. Although district courts are free to modify their interlocutory orders at any time before final judgment, *State v. Suskiewich*, 2014-NMSC-040, ¶ 11, 339 P.3d 614; *Sims v. Sims*, 1996-NMSC-078, ¶ 59, 122 N.M. 618, 930 P.2d 153, they may not do so contrary to the time limits in Rule 5-614(C), which restricts the authority of district courts for good reasons. Among those is finality.[2] As the Eleventh Circuit has recognized, "To permit the unlimited renewal or reconsideration of fully decided motions [for new trial] would needlessly tie up judicial resources and seriously delay the final disposition of cases. Doing so would undermine both the language and purpose of the [r]ules." *United States v. Gupta*, 363 F.3d 1169, 1174 (11th Cir. 2004). In addition, the United States Supreme Court has long emphasized the significance of the principle of recency, explaining that "as time passes, the peculiar ability which the trial judge has to pass on the fairness of the trial is dissipated," and "[i]t is in the interest of justice that a decision on the propriety of a trial be reached as soon after it has ended as is possible[.]" *United States v. Smith*, 331 U.S. 469, 475-76 (1947).

**{14}** Here, during the ten days in which Defendant could have renewed his motion or moved to extend the ten-day time period under Rule 5-614(C), Defendant did not do so. As a consequence, any subsequent motion seeking a new trial on the basis of Detective Block's testimony was untimely and therefore barred. *See United States v. Bramlett*, 116 F.3d 1403, 1405-06 (11th Cir. 1997) (explaining that a renewed motion for a new trial, when made outside of the post-verdict seven-day period and beyond any extension granted within that seven-day period, is barred under Rule 33); *United States v.*

---

[2]Although an oral ruling is generally not considered to be a final judgment, *State v. Vaughn*, 2005-NMCA-076, ¶ 24, 137 N.M. 674, 114 P.3d 354, oral rulings on motions for mistrial present an exception to the general rule and are considered final. *See State v. Reyes-Arreola*, 1999-NMCA-086, ¶ 10, 127 N.M. 528, 984 P.2d 775 (concluding that oral declarations of mistrial are binding and are not subject to change unlike other oral decisions by the district court).

*Matthews*, 256 F. Supp. 2d 202, 204 (S.D.N.Y. 2003) (denying appellant's motion for reconsideration because it was filed outside of the post-verdict seven-day time period under Rule 33 and was therefore untimely).

**{15}**    Judge Leos' subsequent order granting Defendant's motion for reconsideration and request for mistrial was an erroneous order granting an untimely motion for a new trial, not a modification of an interlocutory order. We reiterate that when the substance of such a motion is that of a motion for a new trial, and a new trial is unambiguously the relief sought, the motion must be reviewed as a motion for a new trial—regardless of whether a party uses some other nomenclature—and must be filed in conformity with the timeliness requirements of Rule 5-614(C).

## III.    CONCLUSION

**{16}**    For the aforementioned reasons, we reverse the district court's order granting Defendant a new trial and remand for resentencing. Our opinion does not foreclose Defendant from appealing the denial of his motion for new trial after the district court enters a final judgment.

**{17}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**ZACHARY A. IVES, Judge**