[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12214

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAURICIO GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80087-DMM-1

_____

2                        Opinion of the Court                    24-12214

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Mauricio Gonzalez, proceeding *pro se*, appeals the district court's denial of his *pro se* motions for a new judgment and/or trial pursuant to Fed. R. Crim P. 33 and for judicial notice.  In response, the government moves for summary affirmance arguing that the district court properly denied Gonzalez's motions pursuant to the law of the case doctrine.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

We review the district court's disposition of a motion for new trial for an abuse of discretion.  *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).  We also analyze the district court's decision to take judicial notice of certain facts under an abuse of discretion standard.  *See Lodge v. Kondaur Capital Corp.,* 750 F.3d 1263, 1273 (11th Cir. 2014).

A motion for new trial generally must be filed within 14 days after the verdict is returned.  Fed. R. Crim. P. 33(b)(2).  An exception exists, however, for motions based on newly discovered evidence, which may be filed within three years of the return of the verdict.

24-12214                 Opinion of the Court                 3

Fed. R. Crim. P. 33(b)(1). To merit a new trial based on newly discovered evidence, the defendant must show that: (1) the evidence was discovered following trial, (2) the defendant exercised due care to discover the evidence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence is of such nature that a new trial would probably produce a different result. *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995). "The failure to satisfy any one of these elements is fatal to a motion for new trial." *Id.* Generally, the district court should conduct an evidentiary hearing before deciding the motion. *United States v. Culliver*, 17 F.3d 349, 350-51 (11th Cir. 1994).

A court may take judicial notice of an adjudicative fact if it is undisputed and either (1) generally known in the court's territorial jurisdiction or (2) can be readily and accurately determined from sources that cannot reasonably be questioned. Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the necessary information. *Id.* 201(c).

The law-of-the-case doctrine provides that an issue decided at one stage of a case is binding at later stages of the case. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). This rule encompasses both findings of fact and conclusions of law made by the appellate court. *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014). There are limited exceptions to the law-of-the-case doctrine: where there is new evidence, an intervening change in controlling law dictates a different result, or the appellate

decision, if implemented, would cause manifest injustice because it is clearly erroneous. *Id*. at 668–69.

Here, we summarily affirm the denial of Gonzalez's *pro se* motions for a new judgment and/or trial and for judicial notice. First, it is clear as a matter of law, that the court did not abuse its discretion when it denied Gonzalez's motion for a new judgment and/or trial. The court did not abuse its discretion when it found that Gonzalez's motion was untimely because while Gonzalez was found guilty on July 27, 2021, and Gonzalez filed the motion for a new trial at issue in this appeal on June 26, 2024, Gonzalez did not provide any newly discovered evidence within his motion, but rather only argued that there was newly discovered evidence to show that the government misread Fla. Stat. § 794.05 and 18 U.S.C. § 2423(a). Therefore, because he did not point to any newly discovered evidence, the three-year exception would not apply and thus his motion was untimely as it was filed over 14 days after he was found guilty.

Second, the court did not abuse its discretion when it denied Gonzalez's motion for judicial notice because it lacked jurisdiction to take judicial notice because there were no pending proceedings in which it needed to adjudicate facts as it had already denied Gonzalez's motion for a new trial.

Further, the law of the case doctrine precludes Gonzalez's arguments within both motions because a panel of this Court in his direct criminal appeal addressed and rejected the same issues Gonzalez puts forth in his motions and brief on appeal. *United*

24-12214                    Opinion of the Court                    5

*States v. Gonzalez*, No. 21-13950 at 3-5, 16-17 (11th Cir. May 11, 2023), *cert. denied*, 144 S. Ct. 498 (Dec. 11, 2023).

**AFFIRMED.**