2001-NMSC-024

30 P.3d 365

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Claude Alex LUCERO, Defendant–Petitioner.**

No. 26,066.

Supreme Court of New Mexico.

Aug. 1, 2001.

Rehearing Denied Aug. 24, 2001.

Phyllis H. Subin, Chief Public Defender, Nancy M. Hewitt, Assistant Appellate Defender, Santa Fe, NM, for Petitioner.

Patricia A. Madrid, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Respondent.

*OPINION*

SERNA, Chief Justice.

{1} Following a jury trial, Defendant Claude Alex Lucero was convicted of possession of a deadly weapon by a prisoner contrary to NMSA 1978, § 30–22–16 (1986). Defendant filed a motion for new trial on the basis of the jury instruction detailing the elements of the crime. The trial court granted the motion, and the State appealed. In a memorandum opinion, the Court of Appeals concluded that there was no error in the instruction and reversed the grant of the new trial. This Court then granted Defendant's petition for writ of certiorari to the Court of Appeals. We affirm the Court of Appeals on different grounds and remand for reinstatement of the verdict and entry of judgment and sentence.

## I. Facts

{2} While Defendant was an inmate at the Bernalillo County Detention Center, he was found in his cell with a metal object that was about two feet long, crushed on both ends, and sharp. The object was thought to be a part of a window frame in one of the doors at the prison. At trial, the primary issue on the charge of possession of a deadly weapon by a prisoner was whether the metal object was in fact a deadly weapon. In accordance with the State's requested jury instruction, the trial court instructed the jury that, *inter alia*, the State had to prove beyond a reasonable doubt that "[t]he defendant was in possession of a metal object which, when used as a weapon, could cause death or very serious injury." Defendant did not object to this instruction.

{3} The jury entered its verdict finding Defendant guilty of possession of a deadly weapon by a prisoner on December 15, 1998. Defendant then filed a motion for new trial on January 19, 1999. As the sole ground for a new trial, Defendant contended that the instruction given to the jury regarding the definition of a deadly weapon effectively removed the question from the jury and required a finding that the object at issue was a deadly weapon. Defendant relied on *State v. Bonham*, 1998 NMCA 178, 126 N.M. 382, 970 P.2d 154, in which the Court of Appeals

discussed an essential elements instruction for the crime of aggravated battery with a deadly weapon. The trial court agreed with Defendant that *Bonham* "is controlling and requires a new trial." On appeal by the State, the Court of Appeals distinguished *Bonham* and concluded that the trial court properly instructed the jury. Based on its conclusion that the trial was free of error, the Court of Appeals determined that the trial court abused its discretion in granting a new trial. *See State v. Gonzales*, 105 N.M. 238, 241, 731 P.2d 381, 384 (Ct.App.1986) (establishing a two-part test for reviewing the granting of a new trial based on legal error, which assesses, first, whether legal error occurred during the trial and, second, "whether the error is substantial enough to warrant the exercise of the trial court's discretion"), *adopted in State v. Griffin*, 117 N.M. 745, 749, 877 P.2d 551, 555 (1994); *see also State v. Chavez*, 98 N.M. 682, 683, 652 P.2d 232, 233 (1982) ("[W]hen the jury reaches a verdict after a trial which is fair and free from error, and such a verdict is set aside, the State is aggrieved within the meaning of the New Mexico Constitution.").

## II. Jurisdiction

{4} On certiorari review, the State raises for the first time an argument that the trial court lacked jurisdiction to grant the motion for new trial. Defendant contends that the State failed to preserve this issue for appeal under Rule 12–216(A) NMRA 2001. However, as pointed out by the State, "[a] jurisdictional defect may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court." *Armijo v. Save 'N Gain*, 108 N.M. 281, 282, 771 P.2d 989, 990 (Ct.App.1989); *accord* Rule 12 216(B). Thus, despite the State's failure to raise this issue below, we address whether the trial court had jurisdiction to rule on the motion.

{5} The State argues that Defendant's motion for new trial was not timely under Rule 5–614(C) NMRA 2001. This rule establishes a mandatory time requirement for filing: "A motion for new trial based on any [ground other than newly discovered evidence] shall be made within ten (10) days

after verdict or finding of guilty or within such further time as the court may fix during the ten (10) day period." *Id.* Defendant did not file his motion for new trial within ten days of the verdict. In addition, Defendant's motion for new trial did not concern newly discovered evidence, and the trial court did not establish a different time requirement within the ten-day period. Accordingly, we agree with the State that Defendant failed to comply with the rule.

{6} The State further contends that Defendant's failure to comply with the time requirements of Rule 5–614(C) deprived the trial court of jurisdiction to rule on the motion. We agree.

{7} We have previously addressed a similar time requirement in an analogous provision contained in the Rules of Criminal Procedure. Rule 5–801 NMRA 2001, like Rule 5–614, provides a method for post-conviction relief, specifically, the modification of a sentence. Rule 5–801(B) requires that motions to reduce a sentence be filed within ninety days of the imposition of sentence or within ninety days of an appellate court mandate. We have held that this time requirement for the filing of a motion to modify a sentence is jurisdictional. *Hayes v. State*, 106 N.M. 806, 808, 751 P.2d 186, 188 (1988); *accord State v. Trujillo*, 117 N.M. 769, 771, 877 P.2d 575, 577 (1994) ("Because the Petition was not filed within ninety days of the rendition of the sentence, as required by [Rule] 5–801(B), we hold that the district court had no authority to modify [the defendant's] conditions of probation under this rule."); *State v. Neely*, 117 N.M. 707, 709, 876 P.2d 222, 224 (1994).

{8} Additionally, the history of Rule 5–614 supports the State's jurisdictional analysis. In promulgating Rule 5–614, we derived the time requirement in subsection C of the rule from Rule 33 of the Federal Rules of Criminal Procedure. Rule 5–614 committee commentary. The time requirement for the filing of a motion for new trial in Rule 5–614(C) is nearly identical to the requirement in Rule 33 except that, compared to our ten-day filing requirement, the federal rule provides only seven days to file the motion "after verdict or finding of guilty." The State's jurisdictional argument regarding the time

requirement in Rule 5–614(C) is consistent with a uniform body of federal law interpreting Rule 33. Every federal Circuit Court of Appeals has held that the time limitation in Rule 33 for motions for new trial based on grounds other than newly discovered evidence is jurisdictional. *United States v. Hall,* 214 F.3d 175, 177–78 (D.C.Cir.2000); *United States v. Washington,* 184 F.3d 653, 659 (7th Cir.1999); *United States v. Hill,* 177 F.3d 1251, 1252 (11th Cir.1999); *United States v. Montilla–Rivera,* 115 F.3d 1060, 1065 (1st Cir.1997); *United States v. Gaydos,* 108 F.3d 505, 512 (3d Cir.1997); *United States v. Smith,* 62 F.3d 641, 648 (4th Cir. 1995); *United States v. Koehler,* 24 F.3d 867, 869 (6th Cir.1994); *United States v. Spector,* 888 F.2d 583, 584 (8th Cir.1989); *United States v. Miller,* 869 F.2d 1418, 1420 (10th Cir.1989); *United States v. Endicott,* 869 F.2d 452, 457 (9th Cir.1989); *United States v. Dukes,* 727 F.2d 34, 38 (2d Cir.1984); *United States v. Brown,* 587 F.2d 187, 189–90 (5th Cir.1979). We believe that this overwhelming federal authority is simply too persuasive to ignore. *See State v. Klempt (In re Hinkle),* 121 N.M. 250, 253, 910 P.2d 326, 329 (1995) ("Because our Rule 1–045(A) tracks the language of Federal Rule of Criminal Procedure, Rule 17(g), judicial interpretation of the federal rule has strong persuasive force."); *see also Rochester v. Rochester,* 1998 NMCA 100, ¶ 17, 125 N.M. 369, 961 P.2d 794 ("Because the federal rule is essentially identical to the New Mexico rule, federal case law is persuasive in interpreting our rule.").

{9} Based on our prior interpretation of a similar rule of criminal procedure and based on highly persuasive federal authority interpreting a nearly identical rule, we conclude that the filing requirement in Rule 5–614(C) is jurisdictional. We note that, in analyzing a different time limitation in a procedural rule, we have stated that "the word 'jurisdiction' connotes shades of meaning." *Trujillo v. Serrano,* 117 N.M. 273, 277, 871 P.2d 369, 373 (1994). In *Serrano,* we addressed a party's late filing of a notice of appeal, and we distinguished between absolute jurisdictional requirements and "more equivocal jurisdictional matters [that] are better described as *mandatory preconditions to the exercise of*

*jurisdiction." Id.* We determined that a notice of appeal is a more equivocal jurisdictional matter due to the importance of the constitutional right to an appeal. *See id.* at 276–78, 871 P.2d at 372–74; *see also Executive Sports Club, Inc. v. First Plaza Trust,* 1998 NMSC 008, n. 2, 125 N.M. 78, 957 P.2d 63 ("Our decision to draw a different bright-line rule than the United States Supreme Court reflects the importance in New Mexico of the constitutional right to an appeal."). Unlike the compelling interests underlying our decision in *Serrano,* however, there is no corresponding constitutional right to a motion for new trial. Like a motion to modify a sentence, a motion for new trial is governed exclusively by our procedural rules, and it is therefore distinguishable from a notice of appeal. As we emphasized in *Serrano,* "[i]t is incumbent upon the parties to strictly adhere to our clearly articulated rules of procedure. Procedural rules do nothing if they do not establish uniformity upon which all participants in the legal system can rely." *Serrano,* 117 N.M. at 278, 871 P.2d at 374.

{10} Nevertheless, we need not decide in this case whether the jurisdictional requirement in Rule 5–614(C) is absolute or equivocal; even if we were to construe the requirement as an equivocal jurisdictional matter, this case presents none of the extremely unusual circumstances that would otherwise justify an exception from the time requirements of Rule 5–614. *See Serrano,* 117 N.M. at 278, 871 P.2d at 374 ("Only the most unusual circumstances beyond the control of the parties-such as error on the part of the court [in causing the untimely filing]-will warrant overlooking procedural defects."); *see also Lyman v. Kern,* 2000 NMCA 013, ¶ 7, 128 N.M. 582, 995 P.2d 504 ("[I]f the order compelling arbitration was a final order, Defendants failed to appeal the order in a timely fashion and *in the absence of unusual circumstances, this court does not have jurisdiction to consider their appeal."* (emphasis added)), *cert. denied,* No. 26,150 (2000). As a result, we conclude that the trial court was without authority to rule on the untimely motion for new trial.

### III. Conclusion

{11} Because the trial court lacked jurisdiction to rule on Defendant's motion for new trial, the Court of Appeals need not have addressed the propriety of the trial court's order. Therefore, we affirm the Court of Appeals on different grounds, vacate the order granting a new trial, and remand with instructions to reinstate the verdict and enter judgment and sentence.

{12} IT IS SO ORDERED.

WE CONCUR: JOSEPH F. BACA, GENE E. FRANCHINI, PAMELA B. MINZNER, and PETRA JIMENEZ MAES, JJ.