This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            **NO. 30,485**

**BRENDEN JAMES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Brenden James
Santa Rosa, NM

Pro se Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals pro se from the district court's order denying his motion to reconsider sentence. [MIO 1-2] We proposed to affirm in a notice of proposed summary disposition. Defendant has filed a timely memorandum in opposition together with what we construe to be a motion to amend the docketing statement. Having considered the arguments raised by Defendant in his memorandum and motion and remaining unpersuaded, we affirm the order denying his motion to reconsider sentence and deny his motion to amend the docketing statement.

In our notice of proposed summary disposition, we observed that Defendant's motion to reconsider did not challenge the legality or constitutionality of the sentence. Instead, Defendant sought a reduction in the incarceration portion of his sentence and a conversion of that portion into probation on grounds that while incarcerated, he had matured, worked toward obtaining his GED, and began paying restitution. [SRP 255] The grounds articulated by Defendant do not challenge the legality or constitutionality of the original sentence. Thus, we have jurisdiction to consider Defendant's appeal because we do not construe Defendant's motion to reconsider sentence filed in district court as a petition for habeas corpus pursuant to Rule 5-802 NMRA. *See* Rules 5-801(A) NMRA and Rule 5-802; *State v. Brown,* 1999-NMSC-004, ¶ 7, 126 N.M. 642, 974 P.2d 136 (observing that only the Supreme Court has jurisdiction of a defendant's challenge to the legality of the sentence); *cf. State v. Trujillo*, 117 N.M.

769, 771, 877 P.2d 575, 577 (1994) (holding that the district court is not authorized to modify a sentence or the conditions of probation pursuant to Rule 5-802 unless the defendant is arguing an entitlement to habeas relief).

In our notice of proposed summary disposition, we proposed to hold that the district court acted appropriately by determining that the "sentence previously imposed [was] appropriate," and declining to conduct a hearing on Defendant's motion because the time period for considering a motion to reconsider or to modify Defendant's sentence had expired. [SRP 262] Pursuant to Rule 5-801(B), Defendant needed to file the motion to modify his sentence "within ninety (90) days after the sentence is imposed, or within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment." Mandate issued in this case on October 14, 2009, [SRP 250] but Defendant did not file his motion until April 20, 2010. [SRP 255] Defendant's motion failed to comply with the time requirements of Rule 5-801(B), and thus the district court was without jurisdiction to consider the merits of the motion. *See State v. Lucero,* 2001-NMSC-024, ¶ 7, 130 N.M. 676, 30 P.3d 365 (citing *Hayes v. State*, 106 N.M. 806, 808, 751 P.2d 186, 188 (1988), and observing that the time requirement for filing of a motion to modify a sentence imposed in Rule 5-801(B) is jurisdictional); *cf. Trujillo*, 117 N.M. at 771, 877 P.2d at 577 (holding that in light of the defendant's failure to file his petition to modify his probation within

3

ninety days of sentencing as required by Rule 5-801(B), the district court lacked authority to modify the conditions of probation under that rule).

Once the district court determined that Defendant was not challenging the legality of his sentence because the sentence imposed was "appropriate," we proposed to conclude that it correctly declined to have a hearing on Defendant's motion because that court had no jurisdiction to further consider Defendant's motion.

**Motion to amend the docketing statement**

In his memorandum in opposition, Defendant states that his State-appointed attorney failed to inform him that his appeal was over until mid-November 2009, and this attorney then refused to assist Defendant by filing a motion to reconsider or advising Defendant how to go about filing such a motion. [MIO 1] He further claims that the law library in the corrections facility and the library's legal assistants failed to assist him in filing the motion. [MIO 1] Finally, Defendant claims that he sent a notarized letter to the district court informing the court that he needed assistance in filing his motion to reconsider sentence. [MIO 1] He claims the district court failed to respond to his letter. [MIO 1-2] We construe these contentions as a motion to amend his docketing statement to include a claim that his counsel was ineffective.

Under Rule 12-208(F) NMRA, this Court "may, upon good cause shown, allow the amendment of the docketing statement." In cases assigned to the summary

4

calendar, this Court will deny a motion to amend the docketing statement if it raises issues that are not viable, even if the issues allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). In this case, we deny Defendant's motion to amend the docketing statement because Defendant's contentions of ineffective assistance of counsel do not raise a viable issue.

In order to establish a claim of ineffective assistance of counsel, Defendant must show that: (1) "counsel's performance fell below that of a reasonably competent attorney," and (2) Defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *See id.*

It is well established that a record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776. Defendant's contentions regarding counsel's failures to move for reconsideration of his sentence do not present an exception because the record provides no information to support these contentions.

Even though Defendant claims he informed his attorney that he wanted to seek

5

modification of his sentence [MIO 1], there is nothing in the record on this issue. Moreover, even though he claims he sent a notarized letter to the district court, it is not a part of the record. There is nothing in the record showing that Defendant made any effort to have his sentence reduced before he so moved on April 20, 2010. [SRP 255] Finally, in the motion filed April 20, 2010, Defendant makes no mention of having sought to have his sentence reconsidered at any earlier point. [SRP 255]

Based upon the lack of any information in the record supporting Defendant's contentions that his counsel was ineffective in failing to assist him in moving to reconsider his sentence in a timely manner, he has failed to establish a prima facie case of ineffective assistance of counsel. *See State v. Plouse*, 2003-NMCA-048, ¶ 15, 133 N.M. 495, 64 P.3d 522 (holding that the defendant failed to established a prima facie case of ineffective assistance of counsel because his claim that his attorney failed to interview potential witnesses and failed to subpoena other witnesses was not supported by the evidence contained in the record on appeal); *State v. Hosteen,* 1996-NMCA-084, ¶ 6, 122 N.M. 228, 923 P.2d 595 (holding that the defendant's assertions of ineffective assistance of counsel which involve matters not of record, cannot be addressed on direct appeal), *aff'd*, 1997-NMSC-063, 124 N.M. 402, 951 P.2d 619; *State v. Rubio*, 110 N.M. 605, 609, 798 P.2d 206, 210 (Ct. App. 1990) (refusing to consider the defendant's contention that his trial counsel was ineffective

during the sentencing hearing because the matter was not presented to the trial court and thus not of record). We therefore deny Defendant's motion to amend the docketing statement for lack of merit. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying a motion to amend the docketing statement based upon a finding that the motion and the argument offered in support thereof were not viable); *Moore*, 109 N.M. at 129, 782 P.2d at 101 (holding that a motion to amend will only be granted if the issue raised is viable).

**Conclusion**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we deny Defendant's implicit motion to amend the docketing statement and affirm the order denying his motion to reconsider sentence.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**