This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                                                                          NO.   31,053

**DARRELL CASILLAS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Office of Jamison Barkley, LLC
Jamison Barkley
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

     Defendant appeals the denial of his motion for new trial. We issued a notice of proposed summary disposition, proposing to uphold the underlying disposition. Defendant has filed a memorandum in opposition and motion to amend the docketing

statement. After due consideration, we remain unpersuaded. We therefore affirm. We deny Defendant's motion to amend the docketing statement.

Defendant continues to claim that it was error to deny his motion for new trial which was based on a claim of newly-discovered evidence. As discussed in our calendar notice, Defendant filed his motion beyond the two-year window, which is set forth in Rule 5-614(C) NMRA. *See Case v. Hatch*, 2008-NMSC-024, ¶ 5, 144 N.M. 20, 183 P.3d 905. We explained that the time limit is jurisdictional. *See State v. Lucero*, 2001-NMSC-024, ¶¶ 9-10, 130 N.M. 676, 30 P.3d 365. We concluded that it was not an abuse of the district court's discretion to deny the untimely motion for new trial. *See State v. Volpato*, 102 N.M. 383, 385, 696 P.2d 471, 473 (1985).

Defendant now argues that the evidence that formed the basis of his motion was "not discoverable within two years because of a potential witness' intentional silence," and Defendant was therefore unable to comply with the time limits "due to forces beyond his control." [MIO 3,7] Therefore, Defendant argues, "strict adherence" to the time limit violates his rights to a fair trial, to due process, and to equal protection.

As explained in our calendar notice, although a motion for new trial must be filed within two years of a final judgment, defendants have other avenues that they can pursue beyond that time limit, including executive clemency and the writ of habeas corpus. *See Hatch*, 2008-NMSC-024, ¶ 6; *see also United Nuclear Corp. v. Gen.*

*Atomic Co.*, 93 N.M. 105, 123, 597 P.2d 290, 308 (1979) ("The requirements of due process are not technical, and no particular form of procedure is necessary for protecting substantial rights."). Therefore, we reject Defendant's claims regarding violations of his constitutional rights.

Defendant appears to argue that the denial of his motion for new trial and "errors in his first appeal," when considered together, amount to cumulative error. This Court specifically found no cumulative error in *State v. Casillas*, 2009-NMCA-034, ¶ 51, 145 N.M. 783, 205 P.3d 830, and we hold that the district court did not err in denying Defendant's motion for new trial. When there is no error, "there is no cumulative error." *State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211.

Although Defendant did not specify what arguments were to be included in his motion to amend the docketing statement, the latter two arguments were not included in the docketing statement. Therefore, we consider Defendant's motion to amend as referring to his argument that the evidence was not discoverable within two years of the judgment and his argument regarding cumulative error. We conclude that these arguments are not viable, and we deny Defendant's motion. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion

to amend the docketing statement when the argument offered in support thereof is not viable).

Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE,  Judge**

_____
**JONATHAN B. SUTIN, Judge**