This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**O'BRIEN & ASSOCIATES, INC.,**

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　NO.　30,875

**CARL KELLEY CONSTRUCTION, LTD. CO.,**
**a New Mexico limited liability company,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Edmund H. Kase III, District Judge**

Atkinson, Thal & Baker, P.C.
Douglas A. Baker
Justin D. Rodriguez
Albuquerque, NM

for Appellee

J. Robert Beauvais, P.A.
J. Robert Beauvais
Ruidoso, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

This Court issued a calendar notice proposing to dismiss Defendant's appeal for failure to file a timely notice of appeal. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, CN1] Unpersuaded, however, we dismiss the appeal.

**I.    DISCUSSION**

In the first calendar notice, we proposed to dismiss the appeal for failure to file a timely notice of appeal based on the following facts and legal analysis.

Defendant appeals from the final judgment entered on September 16, 2010. [RP 6179] The notice of appeal was filed on November 3, 2010, more than thirty days later. [RP 6298] On September 7, 2010, prior to the filing of the final judgment on September 16, 2010, Defendant filed a motion for reconsideration). [RP 6173] Because the motion was filed before the final judgment, it was necessarily denied by the subsequent entry of the final judgment. *See Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 (stating that "[w]here there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought").

Once the final judgment was entered on September 16, 2010, all matters were resolved. Therefore, we conclude that Defendant's filing of the November 3, 2010 notice of appeal more than thirty days after the September 16, 2010 final judgment is untimely, and this Court lacks jurisdiction to review the merits of this appeal.

Defendant's memorandum objects to dismissal, arguing that this Court has created an "irrebuttable presumption" that the trial court's final judgment implicitly denied Defendant's Rule 1-059(E) NMRA motion to reconsider. [MIO 1] Defendant points out that a Rule 1-059(B) motion is timely filed within ten days "after the entry of judgment[,]" arguing that this rule sets the "outside time" for the motion to be filed, not the earliest time the motion can be filed. [MIO 2] Defendant also points out that the "decision of the court" was actually filed on May 13, 2010, including findings and conclusions that would be incorporated into a final judgment. [MIO 3] Defendant argues that there is no legal or procedural basis to treat motions to reconsider filed after the decision is entered and before the final judgment is filed any differently than a motion for a new trial filed after the judgment. [MIO 5] Finally, Defendant argues that it is constitutionally entitled to one appeal as of right and that this Court's proposed ruling deprives it of this right. We are not persuaded.

Defendant acknowledges that the May 13, 2010 district court decision in this case clearly contemplates the filing of a final judgment. [MIO 3] As such, until the

final, written judgment was filed on September 16, 2010, none of the time periods applicable to a party's filing of a *post-judgment* motion begin to run. Similarly, the appellate rules allow that certain *post-judgment* motions toll the time for filing *a notice of appeal*. *See* Rule 12-201(D) NMRA. Amendments in 2006 to the Rules of Civil Procedure regarding post-judgment motions have done away with the prior "deemed denied" provisions relating to post-judgment motions filed pursuant to Rules 1-054.1 NMRA, 1-052(D) NMRA, 1-059(D), and NMSA 1978, Section 39-1-1 (1953). *See, e.g., Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶¶ 10-13, 142 N.M. 527, 168 P.3d 99 (discussing that the rules of civil procedure, regarding *post-judgment* motions, were amended in 2006 and that "[*b*]*ecause there no longer is an automatic denial of post-judgment motions, the time for filing notices of appeal will run 'from the entry of an order expressly disposing of the motion'*"); *see also* Rule 12-201(D) (stating that the time for filing of notice of appeal runs from date of "the entry of an order expressly disposing of the motion" when there is no provision of automatic denial of a motion under applicable statute or a rule of court).

 *Albuquerque Redi-Mix* clarifies that a Rule 1-059(E) motion, by its express language, was never subject to the deemed denied provisions. *Id.* ¶¶ 11-13. *Albuquerque Redi-Mix* also provides that a Rule 1-059(E) motion is a post-judgment

motion and that the timeliness deadlines regarding filing it and filing a notice of appeal run from the filing of the final, appealable judgment. *Id.* ¶ 7 (stating that "a motion for reconsideration filed within ten days of judgment is a motion to alter or amend a judgment under Rule 1-059(E)"). Thus, to the extent Defendant considers that the Rule 1-059(E) motion was deemed denied thirty days after its filing on October 7, 2010 and, therefore, that the notice of appeal was timely filed within thirty days of October 7, 2010, on November 3, 2010, we disagree. The concept of "deemed denied" and the recent case law regarding it relates to post-judgment motions not, as in this case, a pre-judgment motion that is filed prior to the final judgment and, therefore, necessarily denied by it. *See, e.g.*, Rule 12-201(D); *cf. Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (holding that if a party makes a post-judgment motion directed at the final judgment, the final judgment is rendered non-final, and the time for filing an appeal does not begin to run until the district court expressly disposes of the motion).

In this case, Defendant filed a *pre-judgment motion* on September 7, 2010, asking the district court to reconsider its May 13, 2010 decision. The final judgment entered thereafter, on September 16, 2010, is inconsistent with the relief sought in Defendant's motion. As such, the final judgment denied the motion. *Stinson*, 1997-NMCA-076, ¶ 8. Defendant's notice of appeal filed on November 3, 2010, more

than thirty days after September 16, 2010, is untimely, and this Court lacks jurisdiction over the appeal. *See, e.g., State v. Lucero*, 2001-NMSC-024, ¶ 9, 130 N.M. 676, 30 P.3d 365 (stating that "there is no corresponding constitutional right to a motion for new trial. Like a motion to modify a sentence, a motion for new trial is governed exclusively by our procedural rules, and it is therefore distinguishable from a notice of appeal. . . . It is incumbent upon the parties to strictly adhere to our clearly articulated rules of procedure. Procedural rules do nothing if they do not establish uniformity upon which all participants in the legal system can rely") (alteration omitted) (internal quotation marks omitted) (quoting *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994)).

**II.      CONCLUSION**

We dismiss the appeal for failure to file a timely notice of appeal.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

6

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**