This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                         **No. 31,744**

**DANNY MUNOZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J. C. Robinson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant is appealing from a district court order denying his motion to modify his sentence. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

Initially, we note that the caption of Defendant's memorandum in opposition indicates that he is also making a motion to amend the docketing statement. However, no new issue is included, and we presume that this was a typographical error. To the extent the motion is raised, it is hereby denied.

As we indicated, Defendant is appealing from a district court order [RP 245] denying his motion to modify his sentence. Pursuant to Rule 5-801(B) NMRA, Defendant needed to file the motion to modify his sentence "within ninety (90) days after the sentence is imposed, . . . ." Defendant's probation was revoked and he was re-sentenced on June 16, 2011. [RP 235] Defendant's motion to modify was filed on September 16, 2011. [RP 239] Our calendar notice proposed to hold that Defendant's motion failed to comply with the time requirements of Rule 5-801(B), and thus the district court was without jurisdiction to consider the merits of the motion. *See State v. Lucero*, 2001-NMSC-024, ¶ 7, 130 N.M. 676, 30 P.3d 365 (citing *Hayes v. State*, 106 N.M. 806, 808, 751 P.2d 186, 188 (1988), and observing that the time requirement for filing of a motion to modify a sentence imposed in Rule 5-801(B) is jurisdictional); *Cf. State v. Trujillo*, 117 N.M. 769, 771, 877 P.2d 575, 577 (1994)

(holding that in light of the defendant's failure to file his petition to modify his probation within ninety days of sentencing as required by Rule 5-801(B), the district court lacked authority to modify the conditions of probation under that rule).

In his memorandum in opposition, Defendant argues that we should presume ineffective assistance of counsel. *See State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986) (noting that there is a conclusive presumption of ineffective assistance of counsel where notice of appeal is not filed within the time limit required). However, we are not aware of any authority to support the claim that a motion to modify is the equivalent of a constitutional right to an appeal, or that the district court could otherwise overlook the late filing. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (observing the need to provide authority on point). We, therefore, believe that the ineffective assistance of counsel claim is more appropriately addressed under Rule 5-802 NMRA. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993) (stating that habeas corpus proceedings are the "preferred avenue for adjudicating ineffective assistance of counsel claims").

We also note that, while Defendant is correct that a timely notice of appeal is generally considered a "precondition" to the exercise of jurisdiction, as opposed to jurisdiction itself, *see Govich v. North American Systems, Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991), the district court properly determined that case law governing

3

notices of appeal is not applicable, and that under the framework provided by the Rules of Criminal Procedure, relief under Rule 5-801(B)—as opposed to Rule 5-802—was no longer available to Defendant.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

 

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

 

_____

**MICHAEL D. BUSTAMANTE, Judge**

 

_____

**J. MILES HANISEE, Judge**