**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2016-NMCA-003

Filing Date: September 2, 2015

Docket No. 33,473

STATE OF NEW MEXICO,

       Plaintiff-Appellant,

v.

JUAN CARLOS ACOSTA,

       Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Charles W. Brown, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**GARCIA, Judge.**

**{1}**    The State appeals the district court's order granting Defendant's motion for a new trial. This case presents the following issues: (1) the State's ability to appeal the grant of a new trial based upon an evidentiary ruling, (2) the district court's jurisdiction to grant a motion for a new trial on grounds that were raised sua sponte more than ten days after the verdict, and (3) whether the grant of a new trial was an abuse of discretion under the circumstances of this case. We affirm.

1

**BACKGROUND**

**{2}** Defendant was indicted by a grand jury on June 2, 2011, for trafficking a controlled substance (cocaine) by possession with intent to distribute, child abuse, conspiracy to commit trafficking a controlled substance by possession with intent to distribute, and possession of drug paraphernalia. The indictment stated that the crimes occurred on or about October 19, 2010, the date that the search warrant was executed. As part of the State's investigation, three uncharged controlled buys were executed by officers, with the assistance of a confidential informant (CI), in the weeks prior to the execution of the search warrant.

**{3}** On August 19, 2013, the day before trial commenced, Defendant filed a motion in limine to exclude "[a]ny information provided by the [CI] to the police officers regarding . . . Defendant" on the grounds that it would be "inadmissible hearsay." A hearing was held on the same day, during which defense counsel argued that if the officers testified at trial that a CI told them that Defendant was selling drugs, and the CI was not going to testify at trial, that testimony would present confrontation clause and hearsay problems. Defense counsel noted that he was not concerned with the officers "mentioning that based on their investigation they decided to get a search warrant[.]" The State argued that "the officer has a right to testify that [he] gave a [CI] money,[the CI] met with . . . Defendant[,] [m]oney that was provided to the [CI] was gone, and there were drugs in [the CI's] possession, which he observed [as having occurred] hand-to-hand." The district court replied that if the officers personally observed the hand-to-hand exchange during the controlled buys, they could testify as to those observations; however, because the CI was unavailable, the officers could not testify as to what the CI told them. Ultimately, the district court agreed to reserve ruling on the matter.

**{4}** During the same motion hearing, defense counsel moved to exclude as inadmissible character evidence "any testimony from any detective that [he or she] had previous knowledge of my client[, such as] saying we knew [Defendant], we knew him well and he was up to no good[.]" *See* Rule 11-404(A) NMRA (providing that evidence of a person's character or character trait is inadmissible to prove conformity therewith on a particular occasion). In response, the prosecutor indicated that "[he did not] anticipate the officers testifying to anything outside of this current investigation[,]" specifically stating that the officers would not testify about Defendant's 1997 arrest for trafficking. The morning of trial, the State again asked the district court whether the officers could testify as to their observations of the CI, and the district court agreed.

**{5}** Jury trial began on August 20, 2013. The State argued in its opening statement that Sergeant Carpenter of the Albuquerque Police Department would testify that with the assistance of a CI, he observed Defendant take part in three controlled buys. The State explained that after the three controlled buys, a search warrant was obtained for an apartment thought to be Defendant's residence. Sergeant Carpenter subsequently testified about the controlled buys and the events that transpired the day that the search warrant was executed, and the defense did not object to the testimony about the controlled buys. The theory of the

2

defense was that Defendant was not a resident of the apartment, that he happened to be in the area "by chance," and that there was no evidence against him at all.

**{6}**     The jury found Defendant guilty of trafficking a controlled substance by possession with intent to distribute, conspiracy to commit trafficking a controlled substance by possession with intent to distribute, abuse of a child, and possession of drug paraphernalia. Defendant filed a timely motion for a new trial, *see* Rule 5-614(C) NMRA (providing that a motion for a new trial based upon any grounds other than newly discovered evidence must be made within ten days of the verdict or within the grant of a motion for extension of time by the court within that ten-day period), citing inconsistent witness testimony and improper prosecutorial comment during closing argument.

**{7}**     At the motion hearing, the district court granted Defendant's motion for a new trial, but it did so on new grounds that the court raised sua sponte. First, the indictment stated that the charges stemmed from the execution of a search warrant on October 19, 2010, but the State introduced evidence of previous controlled buys involving Defendant that were conducted in the weeks prior. Second, the defense did not have reasonable notice of the State's intent to introduce this prior bad acts evidence, as required by Rule 11-404(B). Third, this failure to give notice prejudiced Defendant because it was the only evidence tying Defendant to the apartment, to the co-defendant, and to the drugs found on the co-defendant. The instant appeal ensued, with the State challenging the district court's grant of a new trial.

## DISCUSSION

### A.     The State's Ability to Appeal the Order Granting a New Trial

**{8}**     Because it implicates our authority to hear this appeal, we turn first to Defendant's contention that the State may not appeal the district court's order granting a new trial. In support of his contention, Defendant relies upon *State v. Griffin*, 1994-NMSC-061, ¶ 11, 117 N.M. 745, 877 P.2d 551, for the proposition that the grant of a new trial is appealable by the State only when the district court's ruling is based on a determination of prejudicial legal error. Defendant asserts that the district court's grant of a new trial was premised on the fact-based admission of evidence under Rule 11-404(B)(2), and because an evidentiary ruling is discretionary, the ruling does not present a legal question. We disagree.

**{9}**     In *State v. Chavez*, our Supreme Court explained that Article VI, Section 2 of the New Mexico Constitution permits the State to appeal an order granting a new trial because the State has a "strong interest in enforcing a lawful jury verdict." 1982-NMSC-108, ¶ 6, 98 N.M. 682, 652 P.2d 232. This holding was later limited by *Griffin*, which provided that in a criminal case, the State may only appeal "an order in which it is claimed the grant of a new trial was based on an erroneous conclusion that prejudicial legal error occurred during the trial or that newly-discovered evidence warrants a new trial." 1994-NMSC-061, ¶ 11.

**{10}**     At the hearing on Defendant's motion for a new trial, the district court noted that

3

even though the indictment charged only conduct that was discovered during the execution of the search warrant, the State introduced evidence at trial of prior uncharged controlled buys involving Defendant that were made in the weeks leading up to the execution of the search warrant. Because uncharged misconduct falls within the ambit of Rule 11-404(B), which requires reasonable notice prior to introduction at trial, the district court found that the State did not provide reasonable notice to Defendant of its intent to use these prior controlled buys. *See* Rule 11-404(B)(2)(a), (b) (providing that, in a criminal case, evidence of other crimes may be admissible for certain purposes, but the prosecution must give reasonable notice of the general nature of any such evidence before trial, or during trial if the district court excuses the lack of pretrial notice for good cause). The district court further suggested that in any second trial, the State could either amend the indictment to include the prior controlled buys, or file a notice of intent to use Rule 11-404(B) evidence.

{11}    Importantly, the district court's ruling was not that the evidence of uncharged controlled buys would or would not have been admissible under Rule 11-404(B). If the prosecution had provided reasonable notice, and if the defense had then objected to the evidence, the district court would have been presented with an opportunity to rule on the admissibility of this evidence. Instead, the district court concluded that under the facts of this case, because the prior controlled buys were uncharged misconduct, the prosecution failed to reasonably notify the defense of its intent to introduce such evidence, which was contrary to Rule 11-404(B) and prejudicial to the defense. Because the district court's ruling hinged upon the interpretation and application of the notice requirement of Rule 11-404(B)(2) to the facts of this case, we hold that the district court's grant of a new trial was based on the conclusion that prejudicial legal error occurred, which the State was permitted to immediately appeal. *See Griffin*, 1994-NMSC-061, ¶ 14 (holding, in a case where the only basis for the grant of a new trial was newly-discovered evidence, that such an order was appealable "because it presents a question of law easily reviewed by an appellate court and not a question of fact as to the correctness of a discretionary ruling"); *see also* Fed. R. Evid. 404 advisory committee's note (1991 amendments) ("Because the notice requirement serves as condition precedent to admissibility of [Rule 11-404(B)] evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.").

**B.    The District Court's Jurisdiction to Grant a New Trial**

{12}    We turn next to the State's contention that the district court lacked jurisdiction to grant Defendant's motion for a new trial on other grounds that were raised sua sponte by the court more than ten days after the entry of the jury's verdict. The State argues that the district court effectively raised and granted a new trial on its own motion outside of the ten-day window set forth in Rule 5-614(C). The State also argues that the district court needed to have enlarged the time for the filing of a motion for new trial within the ten-day window before it could consider other additional grounds to grant a new trial. We disagree.

{13}    On appeal, we address whether the district court had jurisdiction to grant a motion for a new trial de novo. *State v. Moreland*, 2007-NMCA-047, ¶ 9, 141 N.M. 549, 157 P.3d

4

728, *aff'd on other grounds*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363. It is undisputed that Defendant invoked the district court's jurisdiction by timely filing a motion for a new trial. *See State v. Lucero*, 2001-NMSC-024, ¶ 9, 130 N.M. 676, 30 P.3d 365 (holding that the ten-day filing requirement in Rule 5-614(C) is jurisdictional). The district court then exercised its independent discretion when ruling upon Defendant's timely-filed motion. The fact that the district court based its ruling on different grounds does not alter the jurisdictional analysis. Insofar as the State argues that the district court is prohibited from relying on different grounds from those raised by the moving party when it does go beyond ten days of the entry of the verdict, the State points us to no authority in support of this contention, and we are unaware of any. *See generally In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."). To the extent that the State invites us to adopt such a position, we believe it would be contrary to the wording and intent of Rule 5-614, and therefore decline. *Cf. Moreland*, 2007-NMCA-047, ¶ 22, ("Rule 5-614(A) could also be construed as reserving to the district court a 'reservoir of equitable power' to assure that justice is done, and order a new trial sua sponte beyond the thirty days specified in Rule 5-614(C)." (citation omitted)). Accordingly, we conclude that the district court had jurisdiction to grant Defendant's motion for a new trial and proceed to address the merits of the district court's ruling.

## C. The District Court's Discretion to Grant a New Trial

**{14}** The State raises two general arguments challenging the district court's grant of a new trial: (1) the district court erred by finding that the State failed to provide notice of its intent to use the prior controlled buys as evidence of prior bad acts and surprised Defendant as a result; and (2) the evidence of the prior controlled buys was admissible under Rule 11-404(B) because defense counsel's opening statement placed Defendant's intent, knowledge, and possession of the drugs inside of the apartment at issue. In response, Defendant argues that the State did not specifically designate its intent to introduce the controlled buys as prior bad acts evidence with a permitted purpose, as required by Rule 11-404(B)(2). Apart from lack of proper notice, Defendant further argues that the evidence of controlled buys nonetheless was not admissible Rule 11-404(B) evidence because it had no purpose other than to prove a prior propensity to act in a particular manner. For the reasons discussed below, we affirm the district court's finding that the State failed to provide adequate notice of its intent to use the evidence of prior controlled buys under Rule 11-404(B) and conclude that there was no abuse of discretion when the district court determined that this error was sufficiently prejudicial to warrant a new trial.

**{15}** On appeal, we review the district court's grant of a new trial for "clear and unmistakable abuse of discretion." *Griffin*, 1994-NMSC-061, ¶ 9. We apply a two-prong test to determine whether the district court abused its discretion. *Id.* First, we determine whether the grant of the new trial was premised upon legal error, and second, we evaluate "whether the error is substantial enough to warrant the exercise of the [district] court's discretion." *Id.* (internal quotation marks and citation omitted). No abuse of discretion occurs when there

are reasons to both support and detract from the district court's ruling. *Moreland*, 2008-NMSC-031, ¶ 9. "Because the trial judge has observed the demeanor of the witnesses and has heard all the evidence, the function of passing on motions for new trial belongs naturally and peculiarly to the trial court." *Id.* (alteration, internal quotation marks, and citation omitted).

## 1.	Legal error

**{16}**	We turn first to the question of whether the district court correctly determined the prosecution failed to provide adequate notice of its intent to offer Rule 11-404(B) evidence. In granting a new trial, the district court orally concluded that Defendant was surprised by the erroneous admission of the prior controlled buys. The State disputes this, arguing that because the defense moved to exclude the statements of the CI on hearsay and confrontation grounds in a pretrial motion, this indicated that the defense had sufficient actual notice of the State's intent to introduce evidence of the controlled buys. The State further argues that during the hearing on Defendant's motion, the prosecutor's statement that the detective should be allowed to testify about his observations as to the controlled buys sufficiently alerted the defense to the issue.

**{17}**	Inherent in the district court's finding that the defense was surprised by this evidence was a determination that any actual notice stemming from the discussion about defense counsel's motion in limine to exclude statements of the CI on other grounds was insufficient under Rule 11-404(B)(2) to put the defense on notice of the nature of the prior bad acts evidence to be presented at trial. Rule 11-404(B) states:

> (1) *Prohibited [U]ses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) *Permitted [U]ses; [N]otice in a [C]riminal [C]ase*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, the prosecution must
>
> > (a) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial, and
> >
> > (b) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

**{18}**	Our case law states that it is incumbent upon the party seeking to offer Rule 11-404(B) evidence "to identify the consequential fact to which the proffered evidence of other acts is directed." *State v. Lucero*, 1992-NMCA-107, ¶ 10, 114 N.M. 489, 840 P.2d 1255. "The proponent of the evidence must demonstrate its relevancy to the consequential

facts, and the material issue, such as intent, must in fact be in dispute." *State v. Elinski*, 1997-NMCA-117, ¶ 13, 124 N.M. 261, 948 P.2d 1209, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

**{19}** We disagree with the State's suggestion that the general discussion that occurred in the course of the proceeding on Defendant's hearsay objection, along with materials provided in discovery, should be regarded as sufficient to provide reasonable notice of the general nature of the evidence the State intended to present. In doing so, we acknowledge that Rule 11-404(B)(2), while requiring a prosecutor to provide reasonable notice of prior bad acts, does not provide specific guidance on exactly how this notice is to be accomplished. As such, the plain language of the rule accommodates a certain amount of flexibility. Nevertheless, at a minimum, the State must give direct notice that it specifically intends to introduce prior bad acts evidence under Rule 11-404(B)(2) pursuant to an articulated permissible use. *See* 3 Clifford S. Fishman, *Jones on Evidence* § 17:24, at 368 (7th ed. 1998) ("Notice should be sufficiently detailed to permit defendant to bring a motion in limine. Disclosing the information in discovery rather than in response to the specific rule . . . 'misses the point' of the rule, which is to inform the defendant of crimes the [s]tate intends to introduce and to allow the defendant time to respond by motion in limine or otherwise." (footnotes omitted) (quoting *State v. Houle*, 642 A.2d 1178, 1181 (Vt. 1994)). Here, although it may have become reasonably apparent that the State intended to introduce evidence of the prior controlled buys, the State neither specifically invoked Rule 11-404(B) nor made any attempt to identify the consequential fact or facts to which the prior bad acts evidence in question might properly have been directed. *See State v. Serna*, 2013-NMSC-033, ¶ 19, 305 P.3d 936 (holding that the State's failure to inform the court of the relevance of prior convictions beyond merely reciting the exceptions enumerated in Rule 11-404(B) resulted in the erroneous admission of prior crimes evidence); *State v. Gallegos*, 2007-NMSC-007, ¶ 25, 141 N.M. 185, 152 P.3d 828 (stating that a party seeking to introduce Rule 11-404(B) evidence must both "identify and articulate the consequential fact to which the evidence is directed" and "cogently inform the court—whether the trial court or a court on appeal—the rationale for admitting the evidence to prove something other than propensity").

**{20}** We note that, had the indictment encompassed Defendant's conduct during the controlled buys, evidence concerning the controlled buys would not have been subject to Rule 11-404(B)(2)'s notice requirement because such conduct would not have been an "other act" under the rule. The fact that the conduct charged in the indictment did not include Defendant's conduct during the controlled buys may have been an oversight on the part of the State, the implications of which were not specifically addressed by the defense, the State, or the district court until the district court discovered the oversight. However, once the district court discovered the oversight, realized that admission of the controlled buys evidence was governed by the limitations of Rule 11-404(B), and concluded that the State did not provide the required Rule 11-404(B)(2) notice, the district court acted well within its discretion to address whether to order a new trial. *See* 3 Fishman, *supra*, § 17:24, at 367-68 ("The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness."

7

(footnote omitted) (internal quotation marks and citation omitted)); *see also Griffin*, 1994-NMSC-061, ¶ 9 (requiring "clear and unmistakable abuse of discretion" to reverse a district court's order for a new trial).

**{21}** Courts have long recognized the dangers of unfair surprise associated with prior bad acts evidence. *See State v. Martinez*, 2008-NMSC-060, ¶ 23, 145 N.M. 220, 195 P.3d 1232. Requiring prosecutors to provide advance notice of their intent to present such evidence at trial serves significant purposes. *See* 3 Fishman, *supra*, § 17.19 at 360 ("Such notice permits the defendant to move to challenge such admissibility prior to trial, avoids the risk that the jury will be exposed to prejudicial material before the court can exclude it, and enables the court to conduct a hearing, require briefs, etc., without disrupting the trial itself. A pretrial ruling on admissibility also permits the parties to plan their strategy accordingly[.]"). Enabling defense counsel to anticipate the presentation of Rule 11-404(B) evidence facilitates intelligent objection and argument, provides greater opportunity for thoughtful rulings that address all legitimate considerations and concerns, and tailors the evidence presented to the specific circumstances. As a result, the State's failure to give Defendant articulated notice that it intended to use the prior controlled buys for some purpose allowed under Rule 11-404(B)(2) resulted in legal error that the district court was entitled to address.

### 2.  Prejudice

**{22}** We turn next to the question of prejudice and address whether the prosecution's failure to notify the defense of its intent to introduce evidence of the prior controlled buys was prejudicial and, if so, whether the prejudice was substantial enough to warrant an exercise of the district court's discretion. *See Griffin*, 1994-NMSC-061, ¶ 9 (stating that the second prong of the two-prong test to determine whether the district court's grant of a new trial was an abuse of discretion involves "a determination of whether the error is substantial enough to warrant the exercise of the [district] court's discretion" (internal quotation marks and citation omitted)). "[A] much stronger showing is required to overturn an order granting the new trial than denying a new trial." *Id*. ¶ 12 (internal quotation marks and citation omitted). "A review of the action of the trial court in the exercise of its discretion does not depend upon whether the appellate court would have reached the same conclusion." *State v. Gonzales*, 1986-NMCA-050, ¶ 14, 105 N.M. 238, 731 P.2d 381, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008. We conclude that under the circumstances presented in this case, the district court's grant of a new trial was not an abuse of discretion.

**{23}** The district court determined that evidence of the prior controlled buys was sufficiently prejudicial to warrant an exercise of its discretion to grant a new trial because, as undisputed by the State, the prior uncharged controlled buys were: (1) the only evidence linking Defendant to the apartment; (2) the only evidence linking Defendant to the co-defendant; and (3) the only evidence linking Defendant to the drugs found inside the apartment during the execution of the search warrant. The district court, having heard all pretrial motions and the trial in its entirety, was in the best position to evaluate the prejudicial effect of this important evidence on the trial as a whole, and our review of the

record comports with the district court's assessment of the importance of this evidence. *See Moreland*, 2008-NMSC-031, ¶ 9 (providing that where evidence in the record both supports and destracts from the district court's grant of new trial, there is no abuse of discretion).

**{24}** Finally, the State argues that a new trial was unwarranted because the prior controlled buys were admissible Rule 11-404(B) evidence to prove Defendant's intent to distribute and conspire to traffic cocaine, as well as to show Defendant's knowledge, access, and control over the drugs that were kept inside the apartment. In response, Defendant argues that the evidence of prior controlled buys was unnecessary, overly prejudicial, and only offered for the improper purpose of proving a prior propensity to act in a particular manner.

**{25}** At this juncture, however, we decline to resolve the question of whether evidence of the prior controlled buys could have been admissible evidence under Rule 11-404(B)(2) to show intent, knowledge, access, and control over the drugs at issue. Because the district court did not rule upon the admissibility of this evidence based upon a lack of reasonable notice and no prior opportunity to assess its admissibility for another purpose under Rule 11-404(B)(2), that issue remains unresolved and this Court would be premature in addressing such an evidentiary issue before the district court has made an informed ruling. It is the district court's responsibility to address the generally prejudicial nature of evidence of prior drug transactions, *see State v. Wrighter*, 1996-NMCA-077, ¶ 11, 122 N.M. 200, 922 P.2d 582 (holding that, in a case involving a defendant charged with selling crack cocaine to a CI, evidence of prior buys between that defendant and the same CI were not admissible to show context, and, even assuming the evidence was admissible, it was more unfairly prejudicial than probative and should have been excluded), and it is important that such evidence be determined to have "real probative value, and not just possible worth on issues of intent, motive, absence of mistake or accident, or to establish a scheme or plan." *Serna*, 2013-NMSC-033, ¶ 17 (internal quotation marks and citation omitted) (quoting *State v. Mason*, 1968-NMCA-072, ¶ 23, 79 N.M. 663, 448 P.2d 175). We conclude that the district court did not abuse its discretion in determining that the prosecution's failure to give notice of its intent to offer evidence of Defendant's prior bad acts under Rule 11-404(B) was sufficiently prejudicial to warrant a new trial.

## CONCLUSION

**{26}** For the foregoing reasons, we affirm the district court's grant of a new trial.

**{27}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

9

**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**