STATE V. ORTIZ

This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellant,**
**v.**
**NICHOLAS ORTIZ,**
**Defendant-Appellee.**

NO. S-1-SC-36788

SUPREME COURT OF NEW MEXICO

March 4, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, Francis J. Mathew, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Maris Veidemanis, Assistant Attorney General, Santa Fe, NM, for Appellant

Jeffrey J. Buckels, Albuquerque, NM, for Appellee

**JUDGES**

JUDITH K. NAKAMURA, Chief Justice. BARBARA J. VIGIL, Justice, MICHAEL E. VIGIL, Justice, C. SHANNON BACON, Justice, DAVID K. THOMSON, Justice

**AUTHOR:** JUDITH K. NAKAMURA

**DISPOSITIONAL ORDER OF REVERSAL**

**BACON, Justice.**

**{1}** The State appeals from an order granting Defendant Nicholas Ortiz's motion for a new trial and subsequent order denying its motion for reconsideration. On December 9, 2016, a jury convicted Defendant of three counts of felony murder pursuant to NMSA

1978, § 30-2-1(A)(2) (1994), and one count each of aggravated burglary pursuant to NMSA 1978, § 30-16-4(A) (1963) and conspiracy to commit aggravated burglary pursuant to NMSA 1978, § 30-28-2 (1979) and § 30-16-4(A). More than six months later, on June 27, 2017, and before judgment and sentence was entered, Defendant filed a memorandum in aid of sentencing and request for a sua sponte new trial. On July 25, 2017, after the State had responded to his motion, Defendant filed a joint reply and motion for a new trial. In this motion, Defendant sought a new trial based on the failure to instruct on provocation in the felony murder jury instructions. On September 12, 2017, the district court entered an order granting Defendant a new trial based, in part, on the allegedly deficient jury instructions. Neither the district court nor Defendant relied on "newly discovered evidence" as grounds for the new trial. *See* Rule 5-614(C) NMRA. The State filed a timely motion for reconsideration and clarification on October 3, 2017, which the district court denied on October 23, 2017. This appeal followed. For the reasons that follow, we reverse the district court's order granting Defendant a new trial.

**The District Court Lacked Jurisdiction to Rule on Defendant's Motion for a New Trial**

**{2}** The filing of a motion for a new trial is subject to strict time lines. Rule 5-614(C) provides: "A motion for new trial based on [any ground other than] newly discovered evidence . . . shall be made within ten (10) days after verdict or finding of guilty or within such further time as the court may fix during the ten (10) day period." In *State v. Lucero*, we held that the failure to comply with the time requirements of Rule 5-614 deprives the district court of jurisdiction to rule on an untimely motion. 2001-NMSC-024, ¶¶ 6, 9, 130 N.M. 676, 30 P.3d 365. In so holding, we acknowledged that there is a difference between "absolute jurisdictional requirements" and those that are equivocal, which are often described as "mandatory preconditions to the exercise of jurisdiction." *Id.* ¶ 9 (emphasis, internal quotation marks, and citation omitted). We declined to decide which category of jurisdictional requirements Rule 5-614 fell into, because even if the requirement was equivocal, there were no unusual circumstances in the case that might justify an exception to the time requirements. *Id.* ¶ 10. Because of the jurisdictional defect, we held that the district court lacked authority to rule on the untimely motion for a new trial. *Id.* We therefore vacated the order granting a new trial and remanded the case to the district court with instructions that the verdict be reinstated and a judgment and sentence be entered. *Id.* ¶ 11.

**{3}** In this case, the verdicts were entered on December 9, 2016. The motion for a new trial based on alleged defects in the jury instructions was filed more than seven months later, on July 25, 2017, and was therefore clearly untimely under Rule 5-614. Because the motion was not filed within ten days of the verdicts and was not based on newly discovered evidence and because nothing in the record suggests that the district court established a different time requirement within the ten-day period, the district court lacked jurisdiction to grant Defendant's motion for a new trial. Neither party raised this issue either below or in briefing in this Court. Nonetheless, because jurisdictional defects cannot be waived and may be raised at any time, *Lucero*, 2001-NMSC-024, ¶ 4, we are addressing this issue sua sponte.

**CONCLUSION**

**{4}** Because Defendant did not timely file his motion for new trial, the district court's order granting a new trial is reversed, and this case is remanded to the district court for reinstatement of the verdict and entry of a judgment and sentence.

**{5}** **IT IS SO ORDERED.**

**JUDITH K. NAKAMURA, Chief Justice**

**BARBARA J. VIGIL, Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**